Brenda R. Sharton (*admitted pro hac vice*)
DECHERT LLP
One International Place, 40th Floor
100 Oliver Street
Boston, MA 02110-2605
Telephone:   (617) 728-7100
Facsimile:    (617) 275-8374
brenda.sharton@dechert.com

Theodore E. Yale (*admitted pro hac vice*)
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Telephone:   (215) 994-4000
Facsimile:    (215) 655-2455
theodore.yale@dechert.com

Benjamin M. Sadun (Bar No. 287533)
DECHERT LLP
US Bank Tower
633 West 5th Street, Suite 4900
Los Angeles, CA 90071-2032
Telephone:   (213) 808-5700
Facsimile:    (213) 808-5760
benjamin.sadun@dechert.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.W. and JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO FERTILITY CENTER MEDICAL GROUP, INC. AND IVY FERTILITY SERVICES, LLC.,<br><br>Defendants. | Case No.: 3:24-cv-00237-LL-BLM<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Hearing Date:   June 17, 2024<br>Judge:              Hon. Linda Lopez<br><br>Action Filed: February 5, 2024 |

# TABLE OF CONTENTS

**Page**

I.  PLAINTIFF JANE DOE'S CLAIMS ARE UNTIMELY ..........................................1

II. PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION ON ANY CLAIM .........2

    A.  Federal Wiretap Act ("FWA") ........................................................ 2

    B.  California Invasion of Privacy Act ("CIPA") ....................................5

    C.  Confidentiality of Medical Information Act ("CMIA").................................. 6

    D.  Invasion of Privacy.......................................................................7

    E.  Breach of Implied Contract .........................................................8

    F.  Larceny / Receipt of Stolen Property ...........................................9

    G.  Unjust Enrichment ..................................................................... 10

CONCLUSION ...........................................................................................10

DEFENDANTS' REPLY ISO MOTION TO DISMISS                3:24-cv-00237-LL-BLM

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Al-Bustani v. Alger*,
2023 WL 1778814 (W.D. Wash. Feb. 6, 2023)..............................................2

*Alvarez v. Adtalem Educ. Grp., Inc.*,
2019 WL 13065378 (N.D. Cal. Dec. 16, 2019)............................................10

*In re Ambry Genetics Data Breach Litig.*,
567 F. Supp. 3d 1130 (C.D. Cal. 2021) ........................................................8

*B.K. v. Desert Care Network*,
2024 WL 1343305 (C.D. Cal. Feb. 1, 2024) .................................4, 5, 8, 10

*B.K. v. Eisenhower Med. Ctr.*,
2024 WL 878100 (C.D. Cal. Feb. 29, 2024) ..........................................1, 4

*B.K. v. Eisenhower Med. Ctr.*,
2024 WL 2037404 (C.D. Cal. Apr. 11, 2024) ..............................................4

*Baiul-Farina v. Lemire*,
804 F. App'x 533 (9th Cir. 2020) ...............................................................10

*Balanzar v. Fid. Brokerage Servs., LLC*,
654 F. Supp. 3d 1075 (S.D. Cal. 2023)........................................................2

*Barbour v. John Muir Health*,
2023 WL 2618967 (Cal. Super. Ct. Jan. 5, 2023) ......................................1

*Brokaw v. Qualcomm Inc.*,
122 F. App'x 305 (9th Cir. 2004) .................................................................8

*Brown v. Google LLC*,
525 F. Supp. 3d 1049 (N.D. Cal. 2021)........................................................8

*Byars v. Hot Topic, Inc.*,
2023 WL 2026994 (C.D. Cal. Feb. 14, 2023) .........................................1, 5

*C.M. v. MarinHealth Med. Grp.*,
2024 WL 217841 (N.D. Cal. Jan. 19, 2024)................................................9

DEFENDANTS' REPLY ISO MOTION TO DISMISS                    3:24-cv-00237-LL-BLM

*Calhoun v. Google LLC*,
    526 F. Supp. 3d 605 (N.D. Cal. 2021) ................................................................. 8, 9

*Cousin v. Sharp Healthcare*,
    2023 WL 8007350 (S.D. Cal. Nov. 17, 2023) ........................................................ 7

*Doe v. Kaiser Found. Health Plan, Inc.*,
    2024 WL 1589982 (N.D. Cal. Apr. 11, 2024) ........................................................ 1

*Esparza v. Gen Digital Inc.*,
    2024 WL 655986 (C.D. Cal. Jan. 16, 2024) ........................................................... 1

*In re Facebook Internet Tracking*,
    140 F. Supp. 3d 922 (N.D. Cal. 2015) ............................................................... 1, 6

*In re Facebook Privacy Litigation*,
    572 F. App'x 494 (9th Cir. 2014) ......................................................................... 9

*In re Facebook, Inc. Internet Tracking Litig.*,
    956 F.3d 589 (9th Cir. 2020) ........................................................................ 5, 6, 8

*Fox v. Ethicon Endo-Surgery, Inc.*,
    110 P.3d 914 (Cal. 2005) ..................................................................................... 2

*Garcia v. Build.com, Inc.*,
    2023 WL 4535531 (S.D. Cal. July 13, 2023) ...................................................... 1, 5

*In re Google Inc. Gmail Litig.*,
    2014 WL 1102660 (N.D. Cal. Mar. 18, 2014) ....................................................... 3

*In re Google RTB Priv. Litig.*,
    606 F. Supp. 3d 935 (N.D. Cal. 2022) .................................................................. 8

*Graham v. Noom, Inc.*,
    2021 WL 3602215 (N.D. Cal. Aug. 13, 2021) .................................................... 1, 5

*Griffith v. TikTok, Inc.*,
    2023 WL 7107262 (C.D. Cal. Oct. 6, 2023) ........................................................... 9

*Katz-Lacabe v. Oracle Am., Inc.*,
    668 F. Supp. 3d 928 (N.D. Cal. 2023) .................................................................. 1

*Kurowski v. Rush Sys. For Health*,
    659 F. Supp. 3d 931 (N.D. Ill. 2023) ................................................................. 1, 7

-iii-

*In re Linkedin User Privacy Litig.*,
    932 F. Supp. 2d 1089 (N.D. Cal. 2013) ................................................................8

*Low v. LinkedIn Corp.*,
    900 F. Supp. 2d 1010 (N.D. Cal. 2012) ................................................................9

*LVRC Holdings LLC v. Brekka*,
    581 F.3d 1127 (9th Cir. 2009) ..............................................................................9

*Lyons v. Michael & Assocs.*,
    824 F.3d 1169 (9th Cir. 2016) ..............................................................................2

*Martin v. Sephora USA, Inc.*,
    2023 WL 2717636 (E.D. Cal. Mar. 30, 2023) ..................................................1, 5

*McLaren v. ReconsTrust Co., N.A.*,
    2012 WL 684747 (S.D. Cal. Mar. 1, 2012) ..........................................................2

*Mekhail v. N. Mem'l Health Care*,
    2024 WL 1332260 (D. Minn. Mar. 28, 2024) ......................................................4

*In re Meta Pixel Healthcare Litig.*,
    647 F. Supp. 3d 778 (N.D. Cal. 2022) .......................................................3, 4, 5, 7

*Pena v. GameStop, Inc.*,
    670 F. Supp. 3d 1112 (S.D. Cal. 2023) .................................................................1

*People v. Dolbeer*,
    29 Cal. Rptr. 573 (Ct. App. 1963) ........................................................................9

*Planned Parenthood Fed'n of Am. v. Newman*,
    51 F.4th 1125 (9th Cir. 2022) ...............................................................................3

*Pruchnicki v. Envision Healthcare Corp.*,
    845 F. App'x 613 (9th Cir. 2021) .........................................................................9

*R.C. v. Walgreen Co.*,
    2024 WL 2263395 (C.D. Cal. May 9, 2024) .....................................................4, 9

*Revitch v. New Moosejaw, LLC*,
    2019 WL 5485330 (N.D. Cal. Oct. 23, 2019) ...................................................6, 7

*Rotkiske v. Klemm*,
    589 U.S. 8 (2019) .................................................................................................2

-iv-

*Siry Inv., L.P. v. Farkhondehpour*,
  513 P.3d 166 (Cal. 2022) ............................................................................9

*Smith v. Facebook, Inc.*,
  745 F. App'x 8 (9th Cir. 2018) ..................................................................6

*Stasi v. Inmediata Health Grp. Corp.*,
  501 F. Supp. 3d 898 (S.D. Cal. 2020) ........................................................8

*Tanner v. Acushnet Co.*,
  2023 WL 8152104 (C.D. Cal. Nov. 20, 2023) ..........................................9

*Tindell v. Murphy*,
  22 Cal. App. 5th 1239 (2018) ..................................................................10

*United States v. Jiau*,
  734 F.3d 147 (2d Cir. 2013) ......................................................................3

*Valenzuela v. Super Bright LEDs Inc.*,
  2023 WL 8424472 (C.D. Cal. Nov. 27, 2023) ....................................1, 4, 5

*Von Saher v. Norton Simon Museum of Art*,
  592 F.3d 954 (9th Cir. 2010) ....................................................................2

*Wilson v. Rater8, LLC*,
  2021 WL 4865930 (S.D. Cal. Oct. 18, 2021) ............................................6

*Wu v. Sunrider Corp.*,
  793 F. App'x 507 (9th Cir. 2019) ..............................................................2

*Yoon v. Lululemon USA, Inc.*,
  549 F. Supp. 3d 1073 (C.D. Cal. 2021) .................................................1, 8

**Statutes & Rules**

18 U.S.C. § 2511(2)(d) ....................................................................................3

Cal. Pen. Code § 496 .......................................................................................9

Fed. R. Civ. P. 9(b) .......................................................................................10

Instead of engaging with the relevant law or the allegations *as pled*, Plaintiffs' Opposition ("Opp.") string cites every case Plaintiffs can find where a court declined to dismiss a *different* complaint involving *different* websites with *different* pixel configurations, regardless of whether those cases are factually analogous or applied California law. *E.g.*, Opp. at 2-3, 10-12. Plaintiffs would have the Court adjudicate Defendants' Motion ("Mot.") by simply tallying pixel opinions. Plaintiffs are wrong. For a motion to dismiss, what actually matters is how the law applies to the allegations *as pled*. By that rubric, there can be no doubt that Plaintiffs' Complaint fails to state a claim for any cause of action under any standard.

But even if Plaintiffs were right, the weight of authority actually demands dismissal. Indeed, courts routinely dismiss pixel cases, including where—like here—the pixel is installed on a hospital or health facility website. *E.g.*, *Doe v. Kaiser Found. Health Plan, Inc.*, 2024 WL 1589982, at *10 (N.D. Cal. Apr. 11, 2024); *B.K. v. Eisenhower Med. Ctr.*, 2024 WL 878100, at *5 (C.D. Cal. Feb. 29, 2024); *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 945 (N.D. Cal. 2023); *Esparza v. Gen Digital Inc.*, 2024 WL 655986, at *6 (C.D. Cal. Jan. 16, 2024); *Kurowski v. Rush Sys. For Health*, 659 F. Supp. 3d 931, 938 (N.D. Ill. 2023); *Barbour v. John Muir Health*, 2023 WL 2618967, at *5 (Cal. Super. Ct. Jan. 5, 2023); *see also cases dismissing claims against websites using similar tracking technology  Pena v. GameStop, Inc.*, 670 F. Supp. 3d 1112, 1119-20 (S.D. Cal. 2023); *Garcia v. Build.com, Inc.*, 2023 WL 4535531, at *4 (S.D. Cal. July 13, 2023); *Valenzuela v. Super Bright LEDs Inc.*, 2023 WL 8424472 (C.D. Cal. Nov. 27, 2023); *Martin v. Sephora USA, Inc.*, 2023 WL 2717636, at *12 (E.D. Cal. Mar. 30, 2023); *Byars v. Hot Topic, Inc.*, 2023 WL 2026994, at *10 (C.D. Cal. Feb. 14, 2023); *Graham v. Noom, Inc.*, 2021 WL 3602215, at *1 (N.D. Cal. Aug. 13, 2021); *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1082-83 (C.D. Cal. 2021); *In re Facebook Internet Tracking*, 140 F. Supp. 3d 922, 935 (N.D. Cal. 2015).

## I.   Plaintiff Jane Doe's Claims Are Untimely.

Plaintiffs do not dispute that Jane Doe last used the website in 2017 or that her claims are all facially untimely. *See* Mot. at 3-4. Instead, they rely exclusively on the delayed discovery rule to toll the statute of limitations. Opp. at 5-6. But to plead delayed discovery, it

-1-

is black-letter law that "conclusory allegations will not withstand demurrer." *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 921 (Cal. 2005). Instead, "the court places the burden on the plaintiff" to "specifically plead facts" about when and how she discovered the alleged injury and why she could not have discovered it sooner. *Id*

Doe pleads no such facts. Rather, citing *Lyons*, she claims she does not need to because "[f]ederal law determines when the limitations period begins to run." Opp. at 5 (citing *Lyons v. Michael & Assocs.*, 824 F.3d 1169, 1171 (9th Cir. 2016). But *Lyons*'s application of the federal discovery rule has been ***unanimously overturned by the U.S. Supreme Court***. *Rotkiske v. Klemm*, 589 U.S. 8, 9-10 (2019). In any event, even if the federal rule applied—and it does not—it would only apply to Plaintiffs' single federal claim; "[l]imitations on state causes of actions, and any applicable tolling rules, are creatures of state law, regardless of the litigation forum." *Al-Bustani v. Alger*, 2023 WL 1778814, at *5 n.8 (W.D. Wash. Feb. 6, 2023). For this reason, federal courts consistently dismiss complaints where plaintiffs fail to plead specific facts supporting their invocation of the delayed discovery rule. *E.g.*, *Wu v. Sunrider Corp.*, 793 F. App'x 507, 511 (9th Cir. 2019); *McLaren v. ReconsTrust Co., N.A.,* 2012 WL 684747, at *4 (S.D. Cal. Mar. 1, 2012) (dismissal with prejudice).[1] Finally, Doe's non-specific conclusory claim that she could not have discovered her injury earlier is implausible in light of her other claim that she was "***immediately*** bombarded with fertility services-related advertisements … after using Defendants' website" seven years ago. Opp. at 18.[2]

## II.   Plaintiffs Fail to State a Cause of Action on Any Claim.

### A.   Federal Wiretap Act ("FWA")

Plaintiffs concede that their FWA claim fails unless the "crime-tort" exception applies. Opp. at 7-10. It does not, as the exception requires a contemporaneous intent to commit a tort

---

[1] Plaintiffs cite *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954 (9th Cir. 2010), for the proposition that "a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Opp. at 5. In fact, *Von Saher* holds that "[a] claim may be dismissed … when the running of the statute is apparent on the face of the complaint"—as it is here. 592 F.3d at 969 (cleaned up). And *Balanzar v. Fid. Brokerage Servs., LLC*, 654 F. Supp. 3d 1075 (S.D. Cal. 2023) (cited in Opp. at 6), did not address whether the plaintiff adequately pleaded delayed discovery because she plausibly alleged that the claims were timely even without tolling. *Id.* at 1082-83 & n.4.

[2] Except where otherwise noted, all emphasis in quotations is added.

-2-

DEFENDANTS' REPLY ISO MOTION TO DISMISS                3:24-cv-00237-LL-BLM

"*separate and independent from the act of the recording*." *Planned Parenthood Fed'n v. Newman*, 51 F.4th 1125, 1136 (9th Cir. 2022). It "is confined to instances where the recording party intends to use the recording to harm … a recorded party, such as to blackmail, threaten, or publicly embarrass [them]." *United States v. Jiau*, 734 F.3d 147, 152 (2d Cir. 2013).

Here, Plaintiffs argue that "Defendants' disclosure of Plaintiffs' Private Information" to Meta was a tortious act "separate and independent from its interception." Opp. at 7. As an initial matter, **this is a judicial admission** that there were "two distinct communications" and the data Meta received was not intercepted "in transit"—as required under the FWA. *See* Mot. at 7-8, Opp. at 10. That is, either the disclosure to Meta was part and parcel of the interception (and there was no independent tort) or they were two distinct communications (and there was no interception in transit). Plaintiffs cannot have it both ways.

Regardless, *Planned Parenthood* forecloses Plaintiffs' argument that the interception and disclosure are distinct wrongs because they are part of the same alleged activity: using the Meta Pixel to analyze how visitors use the SDFC website. As in *Planned Parenthood*, Plaintiffs' theory is "circular" because it "reus[es] the same criminal purpose" for both acts: the disclosure is furthered by the recordings and the recordings themselves further the disclosure. 51 F.4th at 1135. "Such reasoning is not permitted by § 2511(2)(d)." *Id.*[3]

In addition, Plaintiffs do not allege anywhere in their Complaint that the recording was done with intent to harm website users. Rather, the only intent alleged is that Defendants used the Meta Pixel to improve their advertising. Compl. ¶¶ 202, 204, 306. That is not enough. "[T]he tort or crime exception cannot apply where the interceptor's purpose" is not "to perpetuate torts on millions of Internet users, but to make money." *In re Google Inc. Gmail Litig.*, 2014 WL 1102660, at *18 (N.D. Cal. Mar. 18, 2014); Mot. at 7 (collecting cases).[4]

---

[3] Plaintiffs attempt to distinguish *Planned Parenthood* by arguing that the recordings there were not intended for a "criminal or tortious act." Opp. at 8. Not so. That was the *exact* issue in *Planned Parenthood*: the plaintiff argued that recordings had been intercepted in furtherance of a RICO scheme to "harm[] or destroy[] Planned Parenthood." 51 F.4th at 1135.

[4] *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778 (N.D. Cal. 2022) (cited in Opp. at 10) *supports* Defendants' position. While the court noted that an interception can have both lawful and unlawful purposes, it held that the plaintiff must plead a specific tortious purpose and that this requirement is not met where, as here, the complaint alleges that "defendant's primary motivator was to make money." *Id.* at 797.

-3-

Plaintiffs simply ignore the authority cited in Defendants' Motion that squarely held the FWA does not apply to claims based on analytics tools on the defendant's website. Mot. at 7-8 (collecting cases). Even worse, Plaintiffs claim Defendants "fail to mention that Judge Bernal granted plaintiffs' motion to reconsider" in *B.K. v. Eisenhower Med. Ctr.* Opp. at 9. ***This is a gross distortion.*** In fact, on reconsideration, Judge Bernal *adhered* to his rulings on the merits, writing: "Plaintiffs fail to persuade the Court that the poorly pleaded allegations in their Complaint satisfy the requirements of the crime-tort exception. ***Accordingly, the Court declines to reconsider the dismissal***." *B.K. v. Eisenhower Med. Ctr.*, 2024 WL 2037404, at *4 (C.D. Cal. Apr. 11, 2024). The only part of the motion Judge Bernal granted was to change his dismissal from one with prejudice to one without prejudice.

Moreover, Plaintiffs string cite inapposite cases that applied the crime-tort exception on distinguishable facts or different legal standards. For example, *Mekhail v. N. Mem'l Health Care*, 2024 WL 1332260 (D. Minn. Mar. 28, 2024) (cited in Opp. at 8), applied a "primary motivation" test, which the court explicitly acknowledged was different from the Ninth Circuit's requirement for an "independent" "unlawful act." *Id.* at *5; *see also* Opp. at 8 (citing district court cases from Illinois, Minnesota, and New York).[5]

Plaintiffs also grossly misrepresent the case law with respect to the FWA's "during transmission" requirement. For example, they cite *Valenzuela* for the proposition that their allegations are "sufficient to allege 'in transit' communication." Opp. at 12. In fact, *Valenzuela* ***dismissed*** the FWA claim precisely because "[u]sing the word 'intercept' repeatedly," as Plaintiffs do here, "is simply not enough without the addition of specific facts that make it plausible [someone] is intercepting the plaintiff's data in transit." 2023 WL 8424472, at *10.

Likewise, as to the "contents" requirement, Plaintiffs misquote and misrepresent *In re Meta Pixel Healthcare Litig.*. 647 F. Supp. 3d 778 (N.D. Cal. 2022). Plaintiffs quote the

---

[5] The two in-circuit opinions Plaintiffs cite (Opp. at 8) did not address whether the alleged torts were independent of the interception. *See R.C. v. Walgreen Co.*, 2024 WL 2263395, at *15 (C.D. Cal. May 9, 2024) (finding merely that "Plaintiffs have stated a claim for invasion of privacy"); *B.K. v. Desert Care Network*, 2024 WL 1343305, at *6 (C.D. Cal. Feb. 1, 2024) (relying on allegedly unlawful disclosure of prescription information). To the extent these cases dispensed with the Ninth Circuit's requirement to allege *independent* tortious conduct, the latter controls.

-4-

district court as saying URLs showing search terms "were the contents of a communication." Opp. at 2. But that quote appears nowhere in the opinion. Those are Plaintiffs' words, not the court's. Worse yet, it contradicts what the case actually states: that search terms "*could* constitute a communication" *depending on the facts specifically pled*. 647 F. Supp. 3d at 795. In other words, whether or not search terms are "contents" depends on the specific factual allegations. And, there, the court only found that requirement satisfied based on extensive affidavits specifically explaining how the URLs contained detailed and sensitive information. *Id.* at 795-96. Such affidavits and specificity are lacking here.

**B.  California Invasion of Privacy Act ("CIPA")**

Plaintiffs admit that their entire theory of CIPA liability depends on proving Defendants "aid[ed], agree[d] with, employ[ed], or conspire[d] with" Meta to violate CIPA. Opp. at 13-14. But they do not allege or explain how Defendants did any of those things. And in their Opposition, they concede that they fail to allege Defendants "aided" Meta. *See* Opp. at 14.

Plaintiffs also ignore Defendants' arguments that: (1) the Complaint fails to allege active wiretapping by Meta; and (2) Meta was merely providing services for the data's intended recipient (i.e., SDFC). *See* Mot. at 10-13. Likewise, Plaintiffs fail to address the numerous cases cited in Defendants' Motion supporting those arguments, including Chief Judge Sabraw's dismissal in *Garcia*, as well as the dismissals in *Graham*, *Valenzuela*, *Martin*, and *Byars*—tacitly conceding that they are indistinguishable. *See* Mot. at 11-13.

In addition, even though *their own Complaint* says Meta did not want to receive health information, Compl. ¶ 115, Plaintiffs now say Meta's intent is a disputed fact. Opp. at 15. Their Complaint is a judicial admission that they cannot disavow. Moreover, they identify no allegation *in the Complaint* as to Meta's intent to violate CIPA. *See id.* Also, Plaintiffs rely heavily on *B.K. v. Desert Care Network*, 2024 WL 1343305 (C.D. Cal. Feb. 1, 2024), yet conceal that the court there dismissed the CIPA claim because, like here, the complaint "mentions Meta's express desire not to receive health data." *Id.* at *7.

Finally, neither *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020), nor *Revitch v. New Moosejaw, LLC*, 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019)

DEFENDANTS' REPLY ISO MOTION TO DISMISS                    3:24-cv-00237-LL-BLM

supports Plaintiffs' position. *In re Facebook* addressed only whether Meta was a party to communications between a plaintiff and a third-party website—not whether the website aided Meta. 956 F.3d at 608. The Ninth Circuit explicitly did "not opine whether the Plaintiffs adequately pleaded the other requisite elements of [CIPA]." *Id.* In *Revitch*, the plaintiff alleged that, unlike the Meta Pixel, the defendant's website provided a "back door" for third-party NaviStone to "retrieve and execute … code that is remotely hosted on NaviStone's servers" that "scan[s] visitors' computers for files that could be used to identify them." Amended Compl. ¶¶ 15-20, *Revitch v. New Moosejaw, LLC*, No. 18-cv-06827 (N.D. Cal. May 22, 2019). The allegations here, that Meta passively received information are night-and-day different.

## C.    Confidentiality of Medical Information Act ("CMIA")

Plaintiffs Opposition claims the "medical information" shared included "patient status," "scheduling of appointments," "viewing the bill page," "URLs visited," and "User's email address and phone number." Opp. at 16. They cite only a single paragraph of their Complaint making such allegations in a vague and conclusory way about *hypothetical* website users—not Plaintiffs. *See id.* (citing Compl. ¶ 29). This is not enough. Mot. at 16-17. Regardless, this argument ***ignores the abundant case law holding such information is not covered by the CMIA***. *Id.* at 14-17. For example, Plaintiffs gloss over cases like *Wilson v. Rater8, LLC*, 2021 WL 4865930 (S.D. Cal. Oct. 18, 2021), holding that "[p]laitiff's name, cellular telephone number, treating physician names, [and] medical treatment appointment information" are not "medical information under the CMIA." *Id.*at *1, 5.

Plaintiffs also do not engage with the Ninth Circuit's holding in *Smith* that website browsing data is not medical information under any standard. *Smith v. Facebook, Inc.*, 745 F. App'x 8 (9th Cir. 2018). Instead, Plaintiffs claim the Ninth Circuit relied on "a mistaken interpretation" of the CMIA, Opp. at 16, and that the CMIA "largely tracks HIPAA's definition of PHI." Opp. at 16-17. In fact, as Defendants pointed out, in yet another argument Plaintiffs blithely ignore, the definition of "medical information" under the CMIA is much narrower than the definition of PHI under HIPAA. *See* Mot. at 15-16. Plaintiffs' reliance on *In re Meta Pixel*, to support their CMIA claim, Opp. at 16, is also bizarre. *That case did not*

DEFENDANTS' REPLY ISO MOTION TO DISMISS                                    3:24-cv-00237-LL-BLM

*involve CMIA claims* and, there, Meta "*d[id]not challenge plaintiffs' assertion that patient status is protected information under HIPAA*." 647 F. Supp. 3d at 792. Here, Defendants make no such concession as to HIPAA, let alone the much narrower CMIA.

As for whether the information was personally identifiable, Plaintiffs say Paragraph 252 of the Complaint alleges Defendants shared B.W.'s "first and last name, birth date, email address, [and] phone number." Opp. at 17. *This is flat out wrong*. That paragraph alleges only that "Defendants transmitted Plaintiff B.W.'s FID, computer IP address, [and] location." Compl. ¶ 252. There is nothing about her name, birthdate, email, or phone number. Assertions in an Opposition cannot make up for a poorly pleaded Complaint.

Finally, Plaintiffs concede that they must allege someone at Meta actually "viewed" their information. *See* Opp. at 18. They claim, citing *Cousin v. Sharp Healthcare*, 2023 WL 8007350, at *4 (S.D. Cal. Nov. 17, 2023), that this is a fact question that cannot be decided on a motion to dismiss. But in *Cousin*, the plaintiff *actually alleged* that "Meta regularly viewed the information" at issue. *Id.* Plaintiffs' Complaint contains no similar allegation.

### D.   Invasion of Privacy

Plaintiffs gloss over Defendants' argument that Defendants cannot have "intruded" into their privacy because "the allegedly intercepted communications were intended to reach [SDFC]." Mot. at 19 (quoting *Kurowski*, 659 F. Supp. 3d at 943-44 and collecting cases). Instead, Plaintiffs distort this into an argument about whether Plaintiffs consented to the alleged *sharing* of data. Opp. at 19. That is a red herring. The problem Plaintiffs fail to address, much less rebut, is that there can be no intrusion upon seclusion without improper *access* by Defendants in the first place. Plaintiffs cite no contrary authority on this threshold issue.

As for the expectation of privacy, Plaintiffs again ignore, and thereby concede, the well-settled California law that there is no expectation of privacy in website information. Mot. at 19. Indeed, the *Revitch* case relied on by Plaintiffs dismissed a CIPA claim based on "California courts['] … presumption that Internet communications do not reasonably give rise to [an] expectation [of privacy]" 2019 WL 5485330, at *3.

Plaintiffs also ignore that the use of analytics tools by website operators is routine and

legitimate. Mot. at 19-20. The cases Plaintiffs rely on are all distinguishable. *In re Ambry Genetics Data Breach Litig.*, 567 F. Supp. 3d 1130, 1143 (C.D. Cal. 2021), and *Stasi v. Inmediata Health Grp. Corp.*, 501 F. Supp. 3d 898, 925 (S.D. Cal. 2020) (cited in Opp. at 19-20), involved data breaches that disclosed confidential information to malicious threat actors—not analytics and marketing companies. The other cases they cite involved companies tracking users across the entire internet. For example, *In re Facebook Tracking* (cited in Opp. at 21), involved "allegations of surreptitious data collection **when individuals were not using Facebook**." 956 F.3d at 609.[6] By contrast, courts have consistently declined to find a "cognizable privacy interest in browsing data collected only while users interact with" the defendant's own website. *See Yoon*, 2021 WL 3615907, at *9 (collecting cases). That is all Plaintiffs allege here: that SDFC tracked users on the SDFC website.

### E.    Breach of Implied Contract

Plaintiffs do not rebut Defendants' argument that the Complaint fails to define the terms of the supposed contract or how it was formed. Mot. at 21-22. Instead, they claim Defendants' Privacy Policy purportedly promised not to share their information. Opp. at 22. But, as explained, an isolated promise (in a document Plaintiffs do not even allege they read) is not enough to plead a well-defined *contract* between the parties. Mot. at 21-22. And, in any event, a written agreement cannot support an *implied* contract claim. *Id.* at 23; *Brokaw v. Qualcomm Inc.*, 122 F. App'x 305, 306-07 (9th Cir. 2004). Plaintiffs ignore this bedrock principle.

Plaintiffs also fail to show consideration for these supposed privacy promises as required by cases like *In re Linkedin User Privacy Litig.*, 932 F. Supp. 2d 1089 (N.D. Cal. 2013). *See* Mot. at 22-23. Indeed, *Desert Care*, heavily relied upon by Plaintiffs, dismissed an implied contract claim for exactly this reason. 2024 WL 1343305, at *9.

Finally, Plaintiffs concede that they must plead actual damages. Yet they fail to do so. The Opposition merely echoes the Complaint's conclusory claims that consumer data has

---

[6] *In re Google Inc. Cookie Placement Cons. Priv. Litig.* 806 F.3d 125, 151 (3d Cir. 2015), *In re Google RTB Priv. Litig.*, 606 F. Supp. 3d 935 (N.D. Cal. 2022), *Brown v. Google LLC*, 525 F. Supp. 3d 1049 (N.D. Cal. 2021), and *Calhoun v. Google LLC*, 526 F. Supp. 3d 605 (N.D. Cal. 2021) (all cited in Opp. at 20-21) involved similar allegations against Google.

-8-

DEFENDANTS' REPLY ISO MOTION TO DISMISS                    3:24-cv-00237-LL-BLM

value and that Defendants "diminished the value of" Plaintiffs' data. Opp. at 22-23. But that ignores well-settled Ninth Circuit and California precedent that "the mere misappropriation of personal information does not establish compensable damages" without specific allegations showing Plaintiffs otherwise would have sold their data. *Pruchnicki v. Envision Healthcare Corp.*, 845 F. App'x 613, 615 (9th Cir. 2021) (cleaned up); Mot. at 20 (collecting cases).[7]

### F. Larceny / Receipt of Stolen Property

Plaintiffs do not meaningfully engage with any of Defendants' arguments regarding their civil larceny claim. Plaintiffs do not dispute that they need to allege actual damages. Mot. at 23. As just explained (Part II.E), they fail to do so. Plaintiffs also do not dispute that "the weight of authority holds … 'personal information' does not constitute property" that can be stolen under California law. Mot. at 23 (quoting *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1030 (N.D. Cal. 2012) and collecting cases). Neither *C.M. v. MarinHealth Med. Grp.*, 2024 WL 217841 (N.D. Cal. Jan. 19, 2024), nor *Griffith v. TikTok, Inc.*, 2023 WL 7107262, at *10 (C.D. Cal. Oct. 6, 2023) (cited in Opp. at 23-24), addressed this issue. *MarinHealth* says nothing about it, and in *Griffith* the Defendants "concede[d] … that personal information can be property." *Id.* at *10 (emphasis omitted). Defendants argue exactly the opposite here.[8]

In addition, Plaintiffs fail to rebut Defendants' argument, based on clear California Supreme Court authority, that allegations of "fraud, misrepresentation, or breach of contractual promise" do not "amount to theft" where the "plaintiff received legitimate services." Mot. at 24 (quoting *Siry Inv., L.P. v. Farkhondehpour*, 513 P.3d 166, 184 (Cal.

---

[7] Plaintiffs cite an unpublished two-paragraph opinion holding that, in Plaintiffs' words "losing the sales value of their PII was sufficient to show damages for their breach of contract claims." Opp. at 23 (citing *In re Facebook Privacy Litigation*, 572 F. App'x 494, 494 (9th Cir. 2014)). Here, however, Plaintiffs do not plead *facts* showing their data lost value. The Ninth Circuit's more recent ruling in *Pruchnicki* is crystal clear that such allegations are insufficient. Indeed, *Walgreen*, relied on by Plaintiffs, found identical allegations to those here failed to plead actual damages for precisely that reason. 2024 WL 2263395, at *12.

[8] Defendants respectfully submit that *Calhoun* (cited in Opp. at 24) conflated whether users can ever have a "property interest in their personal information" with the narrower question of whether information is property under Cal. Pen. Code § 496. The California Court of Appeal has squarely held it is not. *People v. Dolbeer*, 29 Cal. Rptr. 573, 574-75 (Ct. App. 1963). And more recent courts have declined to follow *Calhoun* on this point. *Tanner v. Acushnet Co.*, 2023 WL 8152104, at *10 (C.D. Cal. Nov. 20, 2023). Furthermore, if there is a split of authority, § 496 should be interpreted narrowly, even "in a civil context," because it is a criminal statute. *See, e.g.*, *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1134 (9th Cir. 2009).

DEFENDANTS' REPLY ISO MOTION TO DISMISS                    3:24-cv-00237-LL-BLM

2022) and *Alvarez v. Adtalem Educ. Grp., Inc.*, 2019 WL 13065378, at \*5 (N.D. Cal. Dec. 16, 2019)). Plaintiffs allege they provided their information in connection with "receiving healthcare services," Compl. ¶ 350, and they do not—and could not—deny that they received the medical services they paid for. In addition, as in *Desert Care*, which Plaintiffs themselves cite approvingly for other purposes, Plaintiffs' theory of theft based on misrepresentation is not pleaded with the particularity required by Fed. R. Civ. P. 9(b). 2024 WL 1343305, at \*10.

### G.   Unjust Enrichment

Plaintiffs do not address the Ninth Circuit's recent opinion in *Baiul-Farina v. Lemire*, 804 F. App'x 533 (9th Cir. 2020), holding that "unjust enrichment is not a cause of action under California law." *Id.* at 537 (cleaned up) (cited in Mot. at 24). Plaintiffs also do not rebut Defendants' arguments that any profits earned from the use of their data flowed from Defendants' lawful marketing, not from any allegedly unlawful disclosure. Mot. at 24. This is not a case where, for example, plaintiffs allege that a defendant profited from selling their data. Of course, SDFC and Ivy did not, and there is no allegation they did so.

Finally, Plaintiffs concede that they do not "retain a stake in the profits garnered from" Defendants' alleged conduct. *See* Mot. at 25, Opp. at 25 n.8. While Plaintiffs call this argument "spurious," it is hornbook law that a "cause of action for unjust enrichment" is "deficient" unless the enrichment comes "*at the expense of*" plaintiff. *Tindell v. Murphy*, 22 Cal. App. 5th 1239, 1246 (2018). Here, even assuming that Defendants profited from the alleged conduct— they absolutely did not—Plaintiffs fail to plead how that profit came at their expense such that they are entitled to recover it. As is the case with many elements Plaintiffs must plead, their Complaint is simply silent.

### <u>CONCLUSION</u>

For the many reasons set forth above and in Defendants' Motion to Dismiss, the Court should dismiss Plaintiffs' claims without leave to amend.

DEFENDANTS' REPLY ISO MOTION TO DISMISS                    3:24-cv-00237-LL-BLM

Dated: June 10, 2024

*/s/ Brenda R. Sharton*
Brenda R. Sharton (*admitted pro hac vice*)
**DECHERT LLP**
One International Place, 40th Floor
100 Oliver Street
Boston, MA 02110-2605
Telephone:   (617) 728-7100
Facsimile:    (617) 275-8374
brenda.sharton@dechert.com

Benjamin M. Sadun (SBN 287533)
**DECHERT LLP**
US Bank Tower
633 West 5th Street, Suite 4900
Los Angeles, CA
Telephone:   (213) 808-5700
Facsimile:    (213) 808-5760
benjamin.sadun@dechert.com

Theodore E. Yale (*admitted pro hac vice*)
**DECHERT LLP**
2929 Arch Street
Philadelphia, PA 19104
Telephone:   (215) 994-4000
Facsimile:    (215) 655-2455
theodore.yale@dechert.com

*Attorneys for Defendants*

-11-

DEFENDANTS' REPLY ISO MOTION TO DISMISS                    3:24-cv-00237-LL-BLM