Matthew J. Langley, (SBN 342846)
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
t: 312-576-3024
matt@almeidalawgroup.com

John R. Parker, Jr. (SBN 257761)
jrparker@almeidalawgroup.com
**ALMEIDA LAW GROUP LLC**
3550 Watt Avenue, Suite 140
Sacramento, California 95608
t: 916-616-2936

*Attorneys for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| B.W. and JANE DOE, *individually and on behalf of all others similarly situated*, and<br><br>*Plaintiffs*,<br><br>v.<br><br>SAN DIEGO FERTILITY CENTER MEDICAL GROUP, INC., and IVY FERTILITY SERVICES, LLC.<br><br>*Defendants*. | **Case No. 3:24-cv-00237-LL-BLM**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE CLASS ALLEGATIONS IN PLAINTIFFS' COMPLAINT**<br><br>**Hearing Date: August 12, 2024**<br>**Judge: Hon. Linda Lopez**<br>**Action Filed: February 5, 2024** |

# TABLE OF CONTENTS

**Page(s)**

INTRODUCTION……………………………………………………………1

FACTUAL ALLEGATIONS…………………………………………………...3

ARGUMENT……………………………………………………………...4

I. **Defendants' Motion to Strike Should Be Analyzed Under The Rule 12(f) standard……………………………………………………………..4**

II. Plaintiffs Have Addressed Each of the Elements of Rule 23 Sufficient To Satisfy Rule 12(f) ………………………………………5

III. Plaintiffs Do Not Need To Establish A Prima Facie Case Under Rule 23 At The Pleading Stage………………………………………7

IV. Plaintiffs' Allegations Have Sufficiently Established A Prima Facie Showing That The Requirements of Rule 23 Are Satisfied……..8

a. The Class Properly Includes All Individuals Whose PHI Was Disclosed Through Tracking Technology Installed On The Web Properties Controlled By Defendant Ivy…………………………………………………...9

b. Plaintiffs Have Pleaded Harm To Non-Facebook Users And The Class Should Not Exclude Those Members At This Stage……………………………………………..13

V. Plaintiffs Have Pleaded Harm To Non-Facebook Users And The Class Should Not Exclude Those Members At This Stage………14

CONCLUSION……………………………………………………………..16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amaraut v. Sprint/United Mgmt. Co.*,
2020 WL 8024170 (S.D. Cal. Jan. 14, 2020) ……………...……………..1

*Astiana v. Ben & Jerry's Homemade, Inc.*,
2011 WL 2111796 (N.D. Cal. May 26, 2011) ……………...……………4

*Clark v. State Farm Mut. Auto. Ins. Co.*,
231 F.R.D. 405 (C.D. Cal. 2005……………………………...……..5, 9

*Doe v. Kaiser Foun. Health Plan, Inc.*,
2024 WL 1589982 (N.D. Cal. Apr. 11, 2024) …………………...……..12

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992) ……………………………………..…….12

*Hesano v. Iovate Health Scis., Inc.*,
2014 WL 197719 (S.D. Cal. Jan. 15, 2014) ……,……………...………7

*Hovsepian v. Apple Inc.*,
2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ……………………...…..13

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.*,
505 F. Supp. 2d 609 (N.D. Cal. 2007) ……………………………….5, 14

*Jerozal v. Stryker Corp.*,
2023 WL 9474512 (C.D. Cal. Aug. 22, 2023) ……….…………...……8

*Kaminske v. JP Morgan Chase Bank N.A.*,
2010 WL 5782995 (C.D. Cal. May 21, 2010) ………….,………..…7

*Khorrami v. Lexmark Int'l Inc.*,
2007 WL 8031909 (C.D. Cal. Sept. 13, 2007) …,……………………15

*Mantolete v. Bolger*,
767 F.2d 1416 (9th Cir.1985) ……………………………………………….8

*Manukyan v. Cash, LLC*,
2012 WL 6199938 (C.D. Cal. Dec. 11, 2012) …………………………..…12

*McCarron v. Cnty. of Ventura*,
2021 WL 9315371 (C.D. Cal. Dec. 29, 2021) …………………………..…12

*Minkler v. Kramer Lab'ys, Inc.*,
2013 WL 3185552 (C.D. Cal. Mar. 1, 2013) ……………….…….….……12

*Morris v. SolarCity Corp*.,
2016 WL 1359378 (N.D. Cal. Apr. 6, 2016) …….……….…..…………..9

*Nelson v. PVH Corp.*,
2015 WL 13916989 (C.D. Cal. Aug. 18, 2015……..…….….……………4

*Olney v. Job.com, Inc.*,
2013 WL 5476813 E.D. Cal. 2013) ………………...………………..15

*Petherbridge v. Altadena Fed. Sav. & Loan Assn.*,
37 Cal. App. 3d 193, (Ct. App. 1974) …………………..……………...12

*Perkins v. LinkedIn Corp.*,
53 F. Supp. 3d 1190 (N.D. Cal. 2014) ………………………...….….…5

*Rios v. Cnty. of Sacramento.*
562 F. Supp. 3d 999 (E.D. Cal. 2021) ……………..….………………...12

*Rios v. State Farm Fire & Cas. Co.*,
469 F. Supp. 2d 727………………...……..……………………………16

*Robinson v. Chefs' Warehouse*,
2017 WL 836943 (N.D. Cal. Mar. 3, 2017) …………………….….………8

*Rosales v. FitFlop USA, LLC*,
882 F. Supp. 2d 1168 (S.D. Cal. 2012) …………………….….……...4, 6

*Tietsworth v. Sears*,
720 F. Supp. 2d 1123 (N.D. Cal. 2010) ……………………..……..…..……..4

*Trazo v. Nestlé USA, Inc.*,
2013 WL 4083218 (N.D. Cal. Aug. 9, 2013) ………………….……..…12

*Velasco v. SEI Pharms., Inc.*,
2013 WL 2444646 (S.D. Cal. June 5, 2013) ……………………………..5

*Yastrab v. Apple Inc.*,
2015 WL 1307163 (N.D. Cal. Mar. 23, 2015) …………………...…..……5

**Court Rules**

Fed R. Civ. P. 12……………………………………………………………..3

**INTRODUCTION**

Defendants San Diego Fertility Medical Group, Inc. ("SDFC") and Ivy Fertility Services, LLC ("Ivy" together with SDFC, "Defendants") have filed a Motion to Strike, seeking to "strike class allegations *before* discovery." Motion to Strike ("Motion" or "MTS") at 1 (emphasis in original). However, Defendants fail to follow or even cite to the stringent standard of Federal Rule of Civil Procedure 12(f) which governs motions to strike (the court may strike from a pleading only "redundant, immaterial, impertinent, or scandalous matter") and instead make substantive arguments under Rule 23. But Defendants' arguments, even under Rule 23, are premature, go beyond the four corners of the Complaint's allegations, and are ultimately unavailing.

As an initial matter, Plaintiffs are not required to establish a prima facie case under Rule 23(a) and courts allow pre-certification discovery without demanding such a showing *See Amaraut v. Sprint/United Mgmt. Co.*, 2020 WL 8024170, at *8 (S.D. Cal. Jan. 14, 2020) ("Here, the Court uses its discretion and does not require a prima facie showing as a prerequisite for pre-certification discovery."). Nevertheless, Plaintiffs have sufficiently alleged the elements of Rule 23. This is a straightforward class action that alleges a single, common course of conduct that harmed both Plaintiffs and the purported class members alike. That is, Plaintiffs and class members "used the Web Properties and had their personally identifiable information and protected health information disclosed to Facebook without [their] express written authorization or knowledge." ¶ 283.[1] Plaintiffs have pleaded that their claims are typical of the claims of the class and common questions of fact and law predominate. This is more than sufficient to address the Rule 23(a)

---

[1] All paragraph citations throughout this Opposition are to Plaintiff's Class Action Complaint, ECF No. 1 ("Complaint").

elements at this stage of the litigation such that Plaintiffs have established a prima facie case.[2]

In their Motion, Defendants argue that the class definition should be struck and "limited" to only those individuals who used the SDFC website, excluding those class members who used the additional websites owned and controlled by Defendant Ivy and whose personal health information was likewise disclosed to Facebook and other third parties. MTS at 5-9. Defendants also argue that the class should also be re-written to include only individuals who used Facebook. MTS at 10-11. But these arguments ignore the Complaint's allegations establishing that each of the Web Properties controlled by Ivy, not just the SDFC website, incorporated tracking technology that disclosed class members' Private Information. *See* ¶¶ 14-16. In addition, as alleged, the tracking technologies installed by Defendants included Google Analytics and other third-party tracking mechanisms and not just the Facebook Pixel. *See* ¶ 18, fn. 14.

Defendants' remaining arguments, regarding Plaintiffs' common law claims, do not fall within the scope of Rule 23 or Rule 12(f). MTS at 11-15. Defendants' arguments addressing Plaintiffs' standing and the identification of each States' applicable laws are arguments that should be brought in a 12(b)(6) motion, but were not. As to the manageability of the common law class, that argument is premature and none of Defendants' cases support pre-discovery dismissal of the common law claims on such grounds.[3]

---

[2] Defendants do not challenge the elements of Numerosity or Adequacy, however, Plaintiffs have sufficiently established those elements of Rule 23(a) as well. *See* ¶¶ 282 (regarding numerosity "it is estimated that there are at least thousands of individuals in the Class"); 284 (establishing adequacy).

[3] Defendants do not challenge the class allegations as to SDFC or any of the non-

Most importantly, Defendants have brought these issues before the Court not on a motion for class certification under Rule 23 but, rather, on Defendants' Motion to Strike Plaintiff's class action allegations from the Complaint pursuant to Rule 12(f). As a result, the proper inquiry is whether Plaintiff's class-action allegations are "redundant, immaterial, impertinent, or scandalous." FED.R.CIV.P. 12(f). Defendants do not and cannot make any such showing. For that reason, and the reasons more fully explained below, Defendants' Motion to Strike should be denied.

## **FACTUAL ALLEGATIONS**

Defendant Ivy is "an internationally recognized network of fertility clinics" and includes the clinics run by Defendant SDFC. ¶ 4. Ivy Fertility says it "unites top-performing reproductive clinics behind a common goal: providing patients extraordinary medical care for their family-building needs." ¶ 5. Defendant Ivy Fertility owns and operates a number of clinical websites, portals, and patient appointment webpages, including the ten fertility websites listed in the Complaint (collectively, the "Web Properties"). ¶ 6. Ivy configures the tracking technologies on each of the Web Properties to collect and disclose personal health information ("PHI") and personally identifiable information ("PII") (collectively referred to as "Private Information") to third parties including Facebook and Google. ¶¶ 18, 308.

In addition to the Facebook Pixel, Defendants also installed Google Analytics, Bing, and Twitter on the Web Properties, third-party tracking technology which likewise collect Private Information and link that information to specific user profiles. ¶ 18, fn. 14. Plaintiffs, like each of the other purported class members who visited any of the Web Properties, had

---

common law claims. Even were Defendants' Motion granted in full, those class allegations would remain.

their Private Information unlawfully disclosed to third parties without their knowledge or consent by Defendants. *See*, *e.g.*, ¶¶ 27-30.

## ARGUMENT

### I. Defendants' Motion to Strike Should Be Analyzed Under The Rule 12(f) Standard

Though Defendants dedicate almost the entirety of their Motion to Strike on arguments addressing the requirements to certify a class under Rule 23(a), their motion should be construed as it is presented: as a motion to strike brought under Rule 12(f) rather than a motion opposing class certification. *See Nelson v. PVH Corp.*, 2015 WL 13916989, at *3 (C.D. Cal. Aug. 18, 2015) (declining to analyze defendant's motion to strike under Rule 23 and instead applying Rule 12(f) inquiry); *see also Astiana v. Ben & Jerry's Homemade, Inc.*, 2011 WL 2111796, at *15-*15 (N.D. Cal. May 26, 2011) (analyzing defendant's motion to strike class allegations under Rule 23 using Rule 12(f) standard and holding that defendant did not show that "the allegations they seek to have stricken are either part of an insufficient defense, or are redundant, immaterial, impertinent, or scandalous."). As courts in this district have held, "determining whether to certify a class is normally done through a motion for class certification under Rule 23." *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1179 (S.D. Cal. 2012). This is because such a motion, like the one filed by Defendants, circumvents Rule 23 by asking courts to determine the validity of a class action without the benefit of discovery or the consideration of a motion for class certification.

Some courts have allowed parties to "strike class allegations [under Rule 23 and Rule 12(f)] prior to discovery if the complaint demonstrates that a class action cannot be maintained." *See e.g. Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 n.10 (N.D. Cal. 2010). However, as courts throughout this

Circuit have recognized, "in general, class allegations are not tested at the pleading stage and are instead scrutinized after a party has filed a motion for class certification." *Yastrab v. Apple Inc.*, 2015 WL 1307163, at *8 (N.D. Cal. Mar. 23, 2015) (denying motion to strike class allegations under Rule 23 as premature); *see also Velasco v. SEI Pharms., Inc.*, 2013 WL 2444646, at *4 (S.D. Cal. June 5, 2013) (stating that, "issues related to class suitability are more appropriately reserved for a motion for class certification."); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1221 (N.D. Cal. 2014) ("Courts that have stricken class allegations at the pleading stage ... have only done so in rare occasions where the class definition is obviously defective in some way."); *Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405, 407 (C.D. Cal. 2005) ("Viewing the complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff's class allegations are sufficient to survive a motion to strike. Whether Plaintiff will be able to succeed on a motion for class certification, however, is an entirely separate matter to be decided at a later date.").

Because Defendants have not met their burden under Rule 12(f) of demonstrating that the class allegations they seek to strike are "redundant, immaterial, impertinent, or scandalous," and because, as explained below, the Plaintiffs' class pleadings are clearly relevant to the subject matter of the litigation, Defendants' Motion must be denied. *See In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007) ("Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike.").

## II. Plaintiffs Have Addressed Each of the Elements of Rule 23 Sufficient To Satisfy Rule 12(f)

Courts have held that, at the pleading stage, "so long as class action allegations address each of the elements of Rule 23, relate to the subject matter

of the litigation, and are not redundant, immaterial, or impertinent, the court should find that the allegations are sufficient to survive a motion to strike, the court should find that the allegations are sufficient to survive a motion to strike." *Rosales*, 882 F. Supp. 2d at 1179. (denying motion to strike where "Plaintiffs' allegations address each of Rule 23's requirements, relate to the subject matter of this litigation, and are not redundant, impertinent or immaterial.").

Plaintiffs here have addressed each of the elements of Rule 23 and those allegations relate to the common disclosure of Plaintiffs' and class members' Private Information by Defendants through the tracking technologies:

- **Numerosity**: "it is estimated that there are at least thousands of individuals in the Class" (¶ 282); "there are more than 100 members in the proposed class." ¶ 43.
- **Typicality**: "Plaintiffs' claims are typical of the claims of the Class because Plaintiffs used the Web Properties and had their personally identifiable information and protected health information disclosed to Facebook without her express written authorization or knowledge." ¶ 283.
- **Adequacy**: "Plaintiffs are fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class Members. Plaintiffs' interests are coincident with, and not antagonistic to, those of the Class Members. Plaintiffs are represented by attorneys with experience in the prosecution of class action litigation generally and in the emerging field of digital privacy litigation specifically." ¶ 284.
- **Commonality**: "Defendants have acted on grounds generally applicable to the Class." ¶ 285 (listing the questions of law and

fact common to the Class).

- **<u>Superiority</u>**: "The benefits of proceeding through the class mechanism, including providing injured persons a method for obtaining redress on claims that could not practicably be pursued individually, substantially outweighs potential difficulties in management of this class action." ¶ 286.

Each of these allegations relate to the subject matter of the litigation and there is no argument from Defendants that any of these allegations is "redundant, impertinent or immaterial." *See generally* MTS. Because Plaintiffs' allegations are more than sufficient to meet the standard of Rule 12(f), Defendants' motion should be denied. *See Hesano v. Iovate Health Scis., Inc.*, 2014 WL 197719, at *8 (S.D. Cal. Jan. 15, 2014) (Holding that "Plaintiff has alleged each of the elements necessary for class certification pursuant to Federal Rule of Civil Procedure 23" and that "issues related to Plaintiff's adequacy as a class representative are more appropriately reserved for a motion for class certification.") *see also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380 (3d ed. 2010) ("Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic," courts have made "it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted." (footnotes omitted)).

## III. Plaintiffs Do Not Need To Establish A Prima Facie Case Under Rule 23 At The Pleading Stage

Although some district courts in the Ninth Circuit have required a plaintiff to make a prima facie showing under Rule 23 before allowing discovery on issues pertaining to class certification, courts have discretion on whether to require a plaintiff to make this showing. *Kaminske v. JP Morgan*

*Chase Bank N.A.*, 2010 WL 5782995, at *2 (C.D. Cal. May 21, 2010) ("It is true that there is nothing in *Doninger* and *Mantolete* that suggests that a prima facie showing is mandatory in all cases, and it very well may be that courts routinely do not require such a showing."); *see Robinson v. Chefs' Warehouse*, 2017 WL 836943, at *2 (N.D. Cal. Mar. 3, 2017) ("Plaintiffs are not necessarily required to make a prima facie showing in order to obtain information for the putative class.").

Courts, including in this District, have exercised this discretion and not required a prima facie showing before allowing pre-certification discovery. *See Amaraut*, 2020 WL 8024170, at *8 ("Here, the Court uses its discretion and does not require a prima facie showing as a prerequisite for pre-certification discovery."); *see also Jerozal v. Stryker Corp.*, 2023 WL 9474512, at *8 (C.D. Cal. Aug. 22, 2023), adopted, 2023 WL 9474623 (C.D. Cal. Aug. 24, 2023) (Finding that Magistrate acted within his discretion by not requiring Plaintiffs to make a prima facie showing in order to obtain information for the putative class). Though Plaintiffs have established the requisite prima facie showing necessary, this Court should exercise its discretion and decline to require such a showing where the Rule 12(f) standard does not demand it.

## IV. Plaintiffs' Allegations Have Sufficiently Established A Prima Facie Showing That The Requirements of Rule 23 Are Satisfied

Though not necessary, Plaintiffs made a prima facie showing as to each of the elements of Rule 23. The Plaintiffs have met their burden to show that the Rule 23 class action requirements are satisfied, or "that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir.1985).

Defendants argue that Plaintiffs' class allegations should be struck or,

more accurately, "limited," claiming that "it is clear from the face of the complaint" that only those who visited the SDFC website and were Facebook users were harmed by Defendants' conduct. MTS at 5-10. However, Defendants' arguments ignore the Complaint's allegations, introduce extrinsic evidence, and make factual arguments more appropriate for class certification, after the parties have had the opportunity to engage in discovery.

Defendants have failed to show that this is one of the rare cases where it is clear from the complaint that Plaintiffs cannot possibly state valid class claims. *See, e.g.*, *Morris v. SolarCity Corp.*, No. 15- 05107, 2016 WL 1359378, *3 (N.D. Cal. Apr. 6, 2016) (denying motion to strike class allegations where defendant "ha[d] not presented any argument that would completely preclude class certification"); *Clark*, 2013 WL 5816410, at *16-17 (denying motion to strike class allegations where Court was "not prepared to find, based on the pleadings alone, that Plaintiff cannot possibly state valid class claims"). Defendants' arguments against class certification are premature at this stage of the litigation and should be denied.

**A. The Class Properly Includes All Individuals Whose PHI Was Disclosed Through Tracking Technology Installed On The Web Properties Controlled By Defendant Ivy.**

Defendants argue that the Classes should be limited only to individuals who visited the SDFC website, asserting that users who had their Private Information disclosed to third parties after visiting the other Web Properties owned and operated by Defendant Ivy should be stricken. MTS at 5-10. Defendants ask the Court to strike these class members prior to discovery and despite Plaintiffs alleging that each of the Web Properties contained the same tracking technologies as the SDFC website and identically disclosed the Private Information of class members who visited those sites to third parties.

*See e.g.* ¶¶ 6 (defining "Web Properties" to include all websites "owned and operated by Defendant Ivy Fertility"), 15 ("unbeknownst to Plaintiffs and Class Members, Defendants installed tracking technologies on their **Web Properties** to collect and disclose their Private Information to unauthorized third parties for its own pecuniary gain.") (emphasis added). Defendants point out that the Complaint refers to the SDFC website some 37 times but fail to point out that the Complaint refers to Defendants' "Web Properties," which Plaintiffs defined to include all of the websites controlled by Ivy, 69 times.

Ignoring the plain language of the Complaint, Defendants contend that Plaintiffs fail to allege how Defendants "use" the Pixel or how the configuration of the Pixel works on the non-SDFC websites. MTS at 6-7. But the Complaint explains that,

> when a User uses Defendants' **Web Properties** where tracking technologies, such as the Facebook Pixel are present, the Pixel transmits the contents of their communications to Facebook, including, but not limited to: (i) medical reproductive and fertility services and treatments sought; (ii) patient status; (iii) scheduling of appointments; (iv) accessing and viewing the bill page; (v) the text of URLs visited by the User; (vi) User's email address and phone number and (vii) other information that qualifies as PII and PHI under federal and state laws.

¶ 29 (emphasis added).

> Defendants installed the Meta Pixel and, upon information and good faith belief, Conversions API, as well as other tracking technologies, on many (if not all) of the webpages within their Web Properties (including webpages for patients to pay their bills or for prospective patients seeking appointments) and programmed or permitted those webpages to surreptitiously share patients' private and protected communications with Facebook (and with other Pixel Information Recipients via their proprietary

> tracking codes)—communications that included Plaintiffs' and Class Members' Private Information.

¶ 71.

While not necessary to survive Defendants' Motion, the Complaint clearly alleges how the tracking technologies collect and disclose the Private Information of individuals on all of the Web Properties owned and operated by Defendant Ivy.

Defendants also attempt to raise the pleading standard for Plaintiffs to sufficiently allege their class claims while simultaneously introducing inapposite evidence in the form of printouts of the websites. MTS at 7. But Plaintiffs have met their obligation under Rule 8 and the website printouts Defendants only further demonstrate the need for discovery. Plaintiffs will have the opportunity to examine the veracity of Defendants' evidence as is their right pursuant to the Federal Rules of Civil Procedure and Evidence; just as Defendant will be entitled to take discovery of Plaintiffs.

Defendants' argument as to standing is equally unavailing. MTS at 8. Setting aside the fact that a standing argument is beyond the scope of either a Ruel 12(f) or a Rule 23 motion, Defendants misunderstand the allegations in the Complaint regarding Defendant Ivy. Plaintiffs allege that Ivy owns and controls each of the websites that make up the Web Properties, including the SDFC website visited by Plaintiffs. ¶ 6. Contrary to Defendants' theory, there are no absent defendants. Ivy's control of the Web Properties is enough to provide standing as to Defendant Ivy. Each of the contested factual issues Defendants introduce to refute the Complaint's allegationsare issues to be addressed through discovery, not a Motion to Strike.

Finally, Defendants' typicality argument, that the disclosure of Plaintiffs' Private Information through the tracking technologies is somehow

not typical of other class members whose Private Information was identically disclosed by the tracking technologies configured on the Web Properties and controlled by Defendants, is both premature and unpersuasive. MTS at 8-9. As the Complaint alleges, "Plaintiffs used the Web Properties and had their personally identifiable information and protected health information disclosed to Facebook without her express written authorization or knowledge" and "Plaintiffs' claims are based on the same legal theories as the claims of other Class Members." ¶ 283.

Though they state otherwise, *Trazo v. Nestlé USA, Inc.*, 2013 WL 4083218 (N.D. Cal. Aug. 9, 2013), *on reconsid.*, 113 F. Supp. 3d 1047 (N.D. Cal. 2015), cited by Defendants, is not on point. MTS at 9. In *Trazo*, Plaintiffs alleged nine different mislabeling theories for 13 or more products. 2013 WL 4083218 at *3. Here, Plaintiffs have one theory of harm caused by the same tracking technologies, including the Facebook Pixel, working identically on each of the Web Properties as installed and configured by the same Defendant – Ivy.[4]

---

[4] The other cases that Defendant relies upon demonstrate that their motion to strike does not support their arguments or the relief they seek as none of the cases deal with motions to strike class allegations prior to discovery or the filing of a class certification brief. *See Manukyan v. Cash, LLC*, 2012 WL 6199938 (C.D. Cal. Dec. 11, 2012) (motion to dismiss, not a motion to strike); *Doe v. Kaiser Foun. Health Plan, Inc.*, 2024 WL 1589982 (N.D. Cal. Apr. 11, 2024), (motion to dismiss case assessing pleading standards, not a case weighing whether a Defendant may re-write a proposed class definition before discovery or class certification through a "Motion to Strike"). Defendants' cases on "standing" are similarly inapposite. *See Rios v. Cnty. of Sacramento*, 562 F. Supp. 3d 999 (E.D. Cal. 2021) (deciding motion to dismiss); *McCarron v. Cnty. of Ventura*, 2021 WL 9315371 (C.D. Cal. Dec. 29, 2021) (same).

Defendants' typicality cases are no different. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 500 (9th Cir. 1992) (review of decision denying motion for class certification); *Minkler v. Kramer Lab'ys, Inc.*, No. CV 12-9421-JFW FFMX, 2013 WL 3185552 (C.D. Cal. Mar. 1, 2013) (motion for class certification); *Petherbridge*

Defendants' arguments in support of limiting the class to only SDFC website users, are wrong, premature and rely on evidence outside the pleadings. Defendants' attempt to re-define Plaintiffs' proposed class definition on the pleadings, before any discovery has taken place, should be denied.

**B. Plaintiffs Have Pleaded Harm To Non-Facebook Users And The Class Should Not Exclude Those Members At This Stage.**

Though Plaintiffs specifically allege that Defendants have embedded tracking technologies other than the Facebook Pixel within the Web Properties, Defendants again attempt to limit the class definition prior to discovery, this time to the exclusion of all putative class members who may have had their Private Information disclosed by tracking technologies other than the Facebook Pixel. MTS at 10-11.

Plaintiffs have pleaded that alongside Facebook, other companies, including Google, Bing, Twitter (now X) also received Plaintiffs' and Class Members' data, collected via tracking technologies used by the Defendants. *See* ¶ 18, fn. 14; *see also* ¶ 308 ("Plaintiffs and absent class members (all of whom are patients) had a reasonable expectation that Defendants would not re-direct their communications content to Facebook, Google or others."). As pleaded throughout the complaint, such transmission of Private Information to third parties without consent constitutes a real harm. *E.g.*, ¶¶ 221-241.

Plaintiffs' allegations that third parties other than Facebook received Plaintiffs' data from Defendants renders this case entirely distinguishable from *Hovsepian v. Apple Inc.*, 2009 WL 5069144 (N.D. Cal. Dec. 17, 2009). As

---

*v. Altadena Fed. Sav. & Loan Assn.*, 37 Cal. App. 3d 193, 112 Cal. Rptr. 144, 147 (Ct. App. 1974) (motion to dismiss following several extensive phases of complete discovery on class issues).

Defendants put forth, in that case the class definition was deemed overbroad because it included people who did not purchase the particular model or screen alleged to be defective. MTS at 11. Here, however, Plaintiffs have alleged that Defendants' Web Properties transmitted the personal information of Plaintiffs' and Proposed Class Members' not just to Facebook, but to Google, Bing, and Twitter. *See* ¶ 18, fn. 14. Defendants' "Motion to Strike" should accordingly be denied inasmuch as it is premature—on Plaintiffs' first Complaint, before discovery, and before class certification. "Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike." *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007).

## V. Defendant's Arguments As To The Common Law Claims Are Premature and Do Not Fall Within the Scope of Rule 12(f).

Defendants' arguments as to Plaintiffs' common law claims[5] are not appropriately decided on either a motion to strike under Rule 12(f) or in opposition to class certification under Rule 23. MTS at 11- 17. Whatever the supposed deficiencies of Plaintiffs' common law claims, they have little to do with the class allegations or Defendants' Motion.

According to Defendants, Plaintiffs' common law claims themselves should be "stricken" because they do not identify what state laws apply. *See* MTS at 12. This argument is misplaced. Defendants fail to demonstrate that the basis for striking the entirety of Plaintiffs' common law claims falls under either Rule 23 or Rule 12(f). Instead, Defendants cite only cases deciding motions to dismiss (MTS at 12) and the common law allegations they seek to strike are decidedly not class allegations. Defendants may have failed to make

[5] Invasion of privacy (Count 5), breach of implied contract (Count 6) and unjust enrichment (Count 8).

these arguments in their 12(b)(6) motion, where they would have been properly raised, but regardless, they do not fall within the scope of the present Motion.

Defendants' standing argument is likewise outside of the scope of the Motion to Strike. MTS at 13-15. As Courts have held, standing arguments are not properly decided on a Rule 12(f) motion. *See Olney v. Job.com, Inc.*, 2013 WL 5476813, *4 (E.D. Cal. 2013) ("In any event, "[a] request to find that Plaintiff does not have standing does not fall within the scope of Rule 12(f)."); *see also Rosales*, 882 F.Supp.2d at 1179 (denying motion to strike class allegations based in part on lack of standing as premature)."

Finally, Defendants' contention that Plaintiffs' common law claims should be stricken because these claims are "per se unmanageable" is premature. MTS at 15-17. Contrary to Defendants' attempts to make it seem that managing a straightforward nationwide class would somehow be overwhelming to the Court, such classes are certified regularly. In fact, as Plaintiffs allege, "the identity of such membership is readily ascertainable from Defendants' records and non-party Facebook's records. ¶ 282. Thus, even where the class was comprised of individuals from all fifty states who visited any of the ten websites that make up the Web Properties, the parties can ascertain the identities of those individuals through records already in the possession of Defendants.

In addition, striking the entirety of the common law claims on this reasoning does not fall within the purview of a Rule 12(f) motion nor under Rule 23 and would be premature at this stage of the litigation. *See Khorrami v. Lexmark Int'l Inc.*, 2007 WL 8031909, at *3 (C.D. Cal. Sept. 13, 2007) (denying defendant's Rule 12(f) motion based on "the concern that a nationwide class action relying upon state law is inherently unmanageable, and

therefore fundamentally unfit to be certified" and finding that because plaintiff "has not yet had the opportunity to explain how he proposes to maintain a manageable action because he has not yet moved for class certification" the court held that plaintiff "has made a showing that individuals across the country were harmed . . . [d]iscovery could reveal where exactly the various class members reside, and the varying state law to which they are subject" and thus the court "cannot find that the nationwide class allegations that Lexmark seeks to strike could have no possible bearing on the subject matter of the litigation, as required by Rule 12(f)." (internal citations omitted)); *see also Rios v. State Farm Fire & Cas. Co.*, 469 F. Supp. 2d 727, 740 (S.D. Iowa 2007) (denying defendant's motion to strike where defendant "contends that the substantive laws, including the statutes of limitations, governing Plaintiffs' claims vary from state to state such that maintaining a class action is not proper" reasoning that "if the Court were to follow State Farm's argument, then nationwide or multi-state class action suits could never exist because of the variance in each state's substantive laws.").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Honorable Court deny Defendant SDFC's and Defendant Ivy's Motion to Strike in its entirety, grant leave to amend to address any pleading deficiencies, and award all such other relief as equity and justice require.

**DATED**: July 15, 2024

*/s/ Matthew J. Langley*
Matthew J. Langley
California Bar No. 342846
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
t: 312-576-3024

matt@almeidalawgroup.com

John R. Parker, Jr.
California Bar No. 257761
**ALMEIDA LAW GROUP LLC**
jrparker@almeidalawgroup.com
3550 Watt Avenue, Suite 140
Sacramento, California 95608
Tel: (916) 616-2936

Daniel Srourian
California Bar No. 285678
**SROURIAN LAW FIRM, P.C.**
3435 Wilshire Blvd. Suite 1710
Los Angeles, CA 90010
daniel@slfla.com

*Attorneys for Plaintiff & the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that this PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE CLASS ALLEGATIONS IN PLAINTIFFS' COMPLAINT was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on July 15, 2024.

___________*/s/ Daniel Srourian*______________