Brenda R. Sharton (*admitted pro hac vice*)
DECHERT LLP
One International Place, 40th Floor
100 Oliver Street
Boston, MA 02110-2600
Telephone: (617) 728-7100
Facsimile: (617) 275-8374
brenda.sharton@dechert.com

Theodore E. Yale (*admitted pro hac vice*)
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
Facsimile: (215) 655-2455
theodore.yale@dechert.com

Benjamin M. Sadun (Bar No. 287533)
DECHERT LLP
US Bank Tower
633 West 5th Street, Suite 4900
Los Angeles, CA 90071-2032
Telephone: (213) 808-5700
Facsimile: (213) 808-5760
benjamin.sadun@dechert.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

B.W. and JANE DOE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

SAN DIEGO FERTILITY CENTER MEDICAL GROUP, INC. AND IVY FERTILITY SERVICES, LLC.,

Defendants.

Case No.: 3:24-cv-00237-LL-BLM

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE CLASS ALLEGATIONS IN PLAINTIFFS' COMPLAINT**

Hearing Date: June 17, 2024
Judge: Hon. Linda Lopez

Action Filed: February 5, 2024

## TABLE OF CONTENTS

**Page**

I. JUDICIAL DISCRETION FAVORS STRIKING PLAINTIFFS' OVERBROAD CLASS ALLEGATIONS. .......... 1

II. UNDER ANY STANDARD, THE COURT SHOULD REQUIRE A *PRIMA FACIE* SHOWING THAT PLAINTIFFS' CLASS ALLEGATIONS ARE VIABLE. .......... 2

III. QUESTIONS OF ARTICLE III STANDING SHOULD BE RESOLVED BEFORE DISCOVERY. .......... 5

IV. THE CLASSES SHOULD BE LIMITED TO PEOPLE WHO USED THE SDFC WEBSITE. .......... 6

V. THE CLASS DEFINITIONS SHOULD BE LIMITED TO FACEBOOK USERS. .......... 8

VI. PLAINTIFFS CANNOT MAINTAIN NATIONWIDE COMMON-LAW CLAIMS. .......... 9

CONCLUSION .......... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amchem Prod., Inc. v. Windsor*,
521 U.S. 591 (1997)....................5

*Astiana v. Ben & Jerry's Homemade, Inc.*,
2011 WL 2111796 (N.D. Cal. May 26, 2011)....................2

*Augustine v. Talking Rain Bev. Co.*,
386 F. Supp. 3d 1317 (S.D. Cal. 2019)....................10

*Blihovde v. St. Croix Cnty., Wis.*,
219 F.R.D. 607 (W.D. Wis. 2003)....................4

*Brown v. Starbucks Corp.*,
2019 WL 4183936 (S.D. Cal. Sept. 3, 2019)....................4, 5

*In re Carrier IQ, Inc.*,
78 F. Supp. 3d 1051 (N.D. Cal. 2015)....................1, 5

*Clark v. LG Electronics U.S.A., Inc.*,
2013 WL 5816410 (S.D. Cal. Oct. 29, 2013)....................3

*Coleman v. Jenny Craig, Inc.*,
2013 WL 2896884 (S.D. Cal. June 12, 2013)....................7

*Doninger v. Pac. Nw. Bell, Inc.*,
564 F.2d 1304 (9th Cir. 1977)....................2

*Edwards v. Oportun, Inc.*,
193 F. Supp. 3d 1096 (N.D. Cal. 2016)....................5

*Fantasy, Inc. v. Fogerty*,
984 F.2d 1524 (9th Cir. 1993)....................3

*Fleites v. Mindgeek S.A.R.L.*,
2022 WL 1314035 (C.D. Cal. Feb. 10, 2022)....................10

*Franco v. Bank of Am.*,
2009 WL 8729265 (S.D. Cal. Dec. 1, 2009) (Major, M.J.)....................7

*Grundmeyer v. Allstate Prop. & Cas. Ins. Co.*,
2015 WL 9487928 (W.D. Wash. Sept. 29, 2015)....................4

*Guerra v. United Nat. Foods, Inc.*,
2019 WL 13203781 (N.D. Cal. Nov. 8, 2019)....................1, 5

## TABLE OF AUTHORITIES (CONT'D.)

**Page(s)**

**Cases**

*Haley v. Medtronic, Inc.*,
169 F.R.D. 643 .......... 10

*Hernandez v. State Farm Fire & Cas. Co.*,
2017 WL 932198 (S.D. Cal. Mar. 9, 2017) .......... 6

*Holly v. Alta Newport Hosp., Inc*,
2020 WL 6161457 (C.D. Cal. Oct. 21, 2020) .......... 4, 5

*Jerozal v. Stryker Corp.*,
2023 WL 9474512 (C.D. Cal. Aug. 22, 2023) .......... 1, 2

*Jue v. Costco Wholesale Corp.*,
2010 WL 889284 (N.D. Cal. Mar. 11, 2010) .......... 5

*Kamm v. California City Dev. Co.*,
509 F.2d 205 (9th Cir. 1975) .......... 2

*Kas v. Mercedes-Benz USA, LLC*,
2011 WL 13238744 (C.D. Cal. Aug. 23, 2011) .......... 3

*Khorrami v. Lexmark Int'l Inc.*,
2007 WL 8031909 (C.D. Cal. Sept. 13, 2007) .......... 9

*In re Lithium Ion Batteries*,
2014 WL 4955377 (N.D. Cal. Oct. 2, 2014) .......... 6

Makaeff v. Trump Univ., LLC,
2014 WL 688164 (S.D. Cal. Feb. 21, 2014) .......... 10

*Manning v. Bos. Med. Ctr. Corp.*,
725 F.3d 34 (1st Cir. 2013) .......... 3

*Mantolete v. Bolger*,
767 F.2d 1416 (9th Cir. 1985) .......... 2

*Martinet v. Spherion Atl. Enters., LLC*,
2008 WL 2557490 (S.D. Cal. June 23, 2008) .......... 7

*Mazza v. Am. Honda Motor Co.*,
666 F.3d 581 (9th Cir. 2012) .......... 9, 10

*McAdams v. Nationstar Mortg. LLC*,
2022 WL 993546 (S.D. Cal. Apr. 1, 2022) (Major, M.J.) .......... 2

**TABLE OF AUTHORITIES (CONT'D.)**

**Page(s)**

**Cases**

*Mendez v. Glob. Inst. of Stem Cell Therapy & Rsch., USA*,
2022 WL 3019858 (S.D. Cal. July 29, 2022) (Lopez, J.) .......... 5, 9

*Moon v. Cnty. of Orange*,
2020 WL 2332164 (C.D. Cal. Mar. 18, 2020) .......... 3

*Morris v. SolarCity Corp.*,
2016 WL 1359378 (N.D. Cal. Apr. 6, 2016) .......... 5

*Nelson v. PVH Corp.*,
2015 WL 13916989 (C.D. Cal. Aug. 18, 2015) .......... 3, 4

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
31 F.4th 651 (9th Cir. 2022) .......... 5

*Olney v. Job.com, Inc.*,
2013 WL 5476813 (E.D. Cal. Sept. 30, 2013) .......... 6

*Picus v. Wal-Mart Stores, Inc.*,
256 F.R.D. 651 (D. Nev. 2009) .......... 1, 4, 10

*Rios v. State Farm Fire & Cas. Co.*,
469 F. Supp. 2d 727 (S.D. Iowa 2007) (both cited in Opp. ) .......... 9

*Robinson v. Chefs' Warehouse*,
2017 WL 836943 (N.D. Cal. Mar. 3, 2017) .......... 2

*Rosales v. FitFlop USA, LLC*,
882 F. Supp. 2d 1168 (S.D. Cal. 2012) .......... 6

*Sanders v. Apple Inc.*,
672 F. Supp. 2d 978 (N.D. Cal. 2009) .......... 3

*Seegert v. Rexall Sundown*,
2017 WL 5973414 (S.D. Cal. Dec. 1, 2017) .......... 6

*Stearns v. Select Comfort Retail Corp.*,
763 F. Supp. 2d 1128 (N.D. Cal. 2010) .......... 6

*Stokes v. CitiMortgage, Inc.*,
2015 WL 709201 (C.D. Cal. Jan. 16, 2015) .......... 2

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) .......... 8

## TABLE OF AUTHORITIES (CONT'D.)

**Page(s)**

**Cases**

*Tietsworth v. Sears*,
720 F. Supp. 2d 1123 (N.D. Cal. 2010)....................3

*Torres v. Mercer Canyons Inc.*,
835 F.3d 1125 (9th Cir. 2016)....................5

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021)....................5

*Trazo v. Nestlé USA, Inc.*,
2013 WL 4083218 (N.D. Cal. Aug. 9, 2013)....................8

*VagueBurton v. Nationstar Mortg., LLC*,
2014 WL 5035163 (E.D. Cal. Oct. 8, 2014)....................6

*Vinole v. Countrywide Home Loans, Inc.*,
246 F.R.D. 637 (S.D.Cal. 2007)....................1

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.*,
505 F. Supp. 2d 609 (N.D. Cal. 2007)....................9

*Yastrab v. Apple Inc.*,
2015 WL 1307163 (N.D. Cal. Mar. 23, 2015)....................5

*Zinser v. Accufix Rsch. Inst., Inc.*,
253 F.3d 1180 (9th Cir. 2001)....................10

**Other Authorities**

Fed. R. Civ. P.

Rule 8....................1, 4, 7

Rule 12(b)(6)....................4

Rule 12(f)....................3, 4, 5, 6, 9

Rule 23....................*passim*

Rule 23(a)....................6

Plaintiffs' Opposition (ECF No. 21, "Opp.") obfuscates and deflects. It does not engage with the substance of Defendants' arguments, nor does it explain why the Court should defer ruling on pleading defects that cannot be cured. When, like here, class allegations are overtly overbroad, Ninth Circuit courts consistently narrow class allegations before discovery. The Court should do the same here.

**I. Judicial Discretion Favors Striking Plaintiffs' Overbroad Class Allegations.**

Plaintiffs argue the Court should exercise its "discretion" to postpone ruling on the defects with their class allegations to resolve them later. Opp. at 1, 7-8. But Plaintiffs offer no reason why the Court *should* avoid ruling on these issues now.

First, when deciding whether to defer a ruling on class allegation, courts consider the "breadth of discovery" that would follow should the case proceed as-is. *Guerra*, 2019 WL 13203781, at *13 (striking class allegations). Here, Plaintiffs seek to represent a class of "at least thousands of individuals" who visited the websites of ten fertility clinics across eight states, Compl. ¶¶ 6, 277, 282, even though Plaintiffs themselves visited the website of only a single clinic in San Diego. This would entail massive nationwide discovery.

Second, and relatedly, courts consider whether resolving the motion would avoid "a waste of the parties' resources and judicial resources." *Picus*, 256 F.R.D. at 655 (granting defendants' pre-discovery Rule 23 motion); ***see also*** *Vinole v. Countrywide Home Loans, Inc.*, 246 F.R.D. 637, 639 (S.D.Cal. 2007) ("determination of class certification is appropriate when awaiting further discovery will only cause needless delay and expense") (cleaned up). The Court should not subject itself, Defendants, or third parties "to the expense and burden of nationwide discovery" regarding a class that could never be certified under Rule 23. *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051 (N.D. Cal. 2015) (cited in Mot. at 14).

Third, courts consider the plausibility of the class allegations under Rule 8. Here, as set forth in Defendants' Motion, Plaintiffs' offer *no* specific factual allegations that, if true, would make their nationwide class certifiable.

By contrast, the cases Plaintiffs cite are readily distinguishable. In *Jerozal, Amaraut*, and *Velasco*, each court denied motions to strike because "Plaintiffs [had] sufficiently alleged

Rule 23 class action requirements," *Jerozal v. Stryker Corp.*, 2023 WL 9474512, at *8 (C.D. Cal. Aug. 22, 2023), *adopted,* 2023 WL 9474623 (C.D. Cal. Aug. 24, 2023)—exactly what Plaintiffs all but concede they cannot do here. In *Astiana v. Ben & Jerry's Homemade, Inc.*, 2011 WL 2111796 (N.D. Cal. May 26, 2011), the court declined to resolve challenges to ascertainability and superiority because those were fact-intensive issues better suited to resolving post-discovery. *Id.* at *13-14. Here, Defendants' Motion implicates straightforward legal issues, like whether a California Plaintiff has standing to assert claims under non-California law. And *Amaraut* did not involve a motion to strike but rather a dispute about whether to permit class discovery, 2020 WL 8024170, at *8, where the proper scope of the class was undisputed. *See McAdams v. Nationstar Mortg. LLC*, 2022 WL 993546, at *4 (S.D. Cal. Apr. 1, 2022) (Major, M.J.) ("[T]here was no dispute in *Amaraut* about the putative class itself."). Finally, in *Robinson v. Chefs' Warehouse*, 2017 WL 836943, at *3 (N.D. Cal. Mar. 3, 2017), the court reasoned that allowing discovery "would not be unduly burdensome" "[g]iven the relatively small size of the putative class." *Id.* at *3. The opposite is true here.

## II. Under Any Standard, the Court Should Require a *Prima Facie* Showing that Plaintiffs' Class Allegations Are Viable.

Ninth Circuit precedent is clear that "the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of [Rule] 23 are satisfied." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985); *see also Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977). Where, as here, the allegations make clear "that discovery could not possibly aid Plaintiffs in demonstrating that a class action is appropriate," eliminating the class allegations without discovery is proper. *Stokes v. CitiMortgage, Inc.*, 2015 WL 709201, at *4, 10 (C.D. Cal. Jan. 16, 2015). Striking class allegations is a proper mechanism to do so. *E.g.*, *Kamm v. California City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975) (affirming order striking class allegations). Plaintiffs do not, and cannot, dispute that this Court has discretion to do the same here.

Nevertheless, Plaintiffs' Opposition attempts to circumvent and obfuscate this straightforward standard. Most notably, Plaintiffs' brief argues that their allegations should

not be stricken under Fed. R. Civ. P. 12(f). Opp. at 1, 2-3, 4-7, 8, 14-17. But ***Defendants' Motion is based on Rule 23, not Rule 12(f)***. Plaintiffs cannot ignore Defendants' actual motion in lieu of a hypothetical Rule 12(f) motion Defendants have not made. Accordingly, all of Plaintiffs' arguments and citations regarding Rule 12(f) are simply irrelevant. For example, in *Nelson v. PVH Corp.*, 2015 WL 13916989, at *3 (C.D. Cal. Aug. 18, 2015) (cited in Opp. at 4), the court "decline[d] to construe the Motion to Strike as a motion opposing class certification" because the defendant moved under Rule 12(f) rather than Rule 23. *Id.* at *3. The situation here is precisely the inverse.

In any event, even if the Court did apply a Rule 12(f) standard, Plaintiffs' claims should be stricken. Fed. R. Civ. P. 12(f) provides that the court may strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). The Rule's function is "to ***avoid the expenditure of time and money that must arise from litigating spurious issues*** by dispensing with those issues prior to trial." *Id.*[1] Accordingly, courts applying Rule 12(f) regularly strike class allegations that, like those here, are patently defective. *See, e.g.*, *id.*; *Clark v. LG Electronics U.S.A., Inc.*, 2013 WL 5816410, at *16 (S.D. Cal. Oct. 29, 2013) ("[A] court may grant a motion to strike class allegations" under Rule 12(f) "if it is clear from the complaint that the class claims cannot be maintained."); *Moon v. Cnty. of Orange*, 2020 WL 2332164, at *2 (C.D. Cal. Mar. 18, 2020) (collecting cases and striking class allegations under Rule 12(f)); *Kas v. Mercedes-Benz USA, LLC*, 2011 WL 13238744, at *4 (C.D. Cal. Aug. 23, 2011) (same); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 989-991 (N.D. Cal. 2009) (same); *Manning v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013) ("If it is obvious from the pleadings that the proceeding cannot possibly move forward on a classwide basis, district courts use their authority under Federal Rule of Civil Procedure 12(f) to delete the complaint's class allegations.").

Plaintiffs also argue that the defects identified in Defendants' Motion should have been raised in a 12(b)(6) motion to dismiss rather than a motion to strike. Opp. at 2, 14-15. This

[1] Except where otherwise noted, all emphasis is added.

argument misconstrues the nature of Defendants' Motion. Defendants *have* filed a 12(b)(6) motion to dismiss Plaintiffs *own* claims because they are meritless. ECF No. 12. The issue in the Motion to Strike is that even if Plaintiffs' own claims were viable (they are not), Plaintiffs cannot maintain those claims on behalf of people who visited different websites in different states or who could not have suffered the same kind of alleged injury. Even cases Plaintiffs themselves cite hold that this is the proper subject of a motion to strike rather than a motion to dismiss. For example, *Nelson* (cited in Opp. at 4) held that on a motion to strike "[t]he heart of the question is whether the complaint, on its face, shows that Plaintiff cannot maintain the class," including whether the class definition is "over broad." 2015 WL 13916989, at *3.

Moreover, this is a distinction without a difference, because the standard is the same whether the Court evaluates Defendants' Motion though a lens of Rule 12(b)(6), 12(f), or Rule 23. "[W]hen there has been no discovery and the defendants challenge class certification on the basis of the allegations in the complaint only, the proper standard is the same as a motion to dismiss for failure to state a claim." *Blihovde v. St. Croix Cnty., Wis.*, 219 F.R.D. 607, 614 (W.D. Wis. 2003); *see also, e.g.*, *Brown v. Starbucks Corp.*, 2019 WL 4183936, at *7 (S.D. Cal. Sept. 3, 2019) (combining analysis of motion to dismiss and motion to strike class allegations); *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 655 (D. Nev. 2009) ("[W]hen a party moves to deny class certification prior to any discovery, the Court construes it under the legal standards for a [Rule] 12(b)(6) motion to dismiss.").

Plaintiffs' audacious claim that they "do not need to establish a prima facie case under Rule 23 at the pleading stage," Opp. at 7, could not be less true. On a motion to strike, "[t]he questions … is whether the allegations in the … Complaint state 'plausible' grounds for class certification or whether they are so conclusory or formulaic that they should be disregarded." *Grundmeyer v. Allstate Prop. & Cas. Ins. Co.*, 2015 WL 9487928, at *1 (W.D. Wash. Sept. 29, 2015). "Class certification discovery is not a substitute to the pleading requirements of Rule 8 and *Twombly*. Class allegations must be supported by sufficient factual allegations demonstrating that the class device is appropriate and discovery on class certification is warranted." *Holly v. Alta Newport Hosp., Inc*, 2020 WL 6161457, at *5 (C.D. Cal. Oct. 21,

2020) (cleaned up) (striking class allegations without leave to amend). A plaintiff seeking to represent a class "is required to state a viable claim ***at the outset***, not allege deficient claims and then seek discovery to cure the deficiencies." *Id.* at *5; *accord, e.g.*, *Guerra v. United Nat. Foods, Inc.*, 2019 WL 13203781, at *13 (N.D. Cal. Nov. 8, 2019); *Jue v. Costco Wholesale Corp.*, 2010 WL 889284, at *6 (N.D. Cal. Mar. 11, 2010).[2]

**III. Questions of Article III Standing Should Be Resolved before Discovery.**

Many of the problems with Plaintiffs' class definition relate to Article III standing, including that the class definition includes "a great number of members who for some reason could not have been harmed by the defendant's allegedly unlawful conduct," *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1138 (9th Cir. 2016) (quoted in Mot. at 4); *see generally* Mot. at 4-5, 8, 10-11, and the fact that Plaintiffs do not have standing to assert common law claims on behalf of non-California residents. *See Mendez v. Glob. Inst. of Stem Cell Therapy & Rsch., USA*, 2022 WL 3019858, at *4 (S.D. Cal. July 29, 2022) (Lopez, J.); Mot. at 13-15.

Plaintiffs do not dispute that Article III cases like *Carrier IQ*, *Brown*, *Carpenter*, and *Walcoff* are fatal to their nationwide common law claims. *See* Mot. at 13-15. Instead, they ignore such holdings and argue that "a standing argument is beyond the scope of either a Rule 12(f) or a Rule 23 motion." Opp. at 11; *see also* Opp. at 15 (claiming that "standing arguments are not properly decided on a Rule 12(f) motion"). Plaintiffs are wrong. As to Rule 23, the U.S. Supreme Court has mandated that "Rule 23's requirements must be interpreted in keeping with Article III constraints," *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 612-13 (1997), and, therefore, "[e]very class member must have Article III standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). Thus, establishing standing is integral to whether a class is certifiable under Rule 23. *See, e.g.*, *Olean Wholesale Grocery Coop., Inc. v. Bumble*

[2] Plaintiffs also say the Court should avoid ruling on the merits of Defendants arguments because doing so would be "premature," Opp. at 5 (citing *Yastrab v. Apple Inc.*, 2015 WL 1307163, at *8 (N.D. Cal. Mar. 23, 2015)), or that the court should not strike class allegations unless doing so would eliminate the class allegations altogether. Opp. at 9 (citing *Morris v. SolarCity Corp.*, 2016 WL 1359378, at *3 (N.D. Cal. Apr. 6, 2016)). However, both *Yastrab* and *Morris* require class allegations to "at least be plausible" to move forward. *Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096, 1100 (N.D. Cal. 2016) (discussing *Yastrab* and *Morris* and granting motion to strike).

*Bee Foods LLC*, 31 F.4th 651, 668 n.12 (9th Cir. 2022); *Hernandez v. State Farm Fire & Cas. Co.*, 2017 WL 932198, at *4 (S.D. Cal. Mar. 9, 2017) (striking overbroad class allegations because many "class members were not injured …. [t]his, by itself, would prevent the case from proceeding as a class action"); *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1152 (N.D. Cal. 2010) (holding that on a motion to strike "[i]t is necessary … to examine the standing of the plaintiffs to initiate the class action before us"). Plaintiffs utterly ignore these authorities, even though they are cited in Defendants' Motion. Mot. at 5.

Article III is also to be assessed under Rule 12(f), as courts routinely strike class definitions that include "members [who] have no injury and no standing to sue." *Stearns*, 763 F. Supp. 2d at 1152; *see also Seegert v. Rexall Sundown*, 2017 WL 5973414, at *5 (S.D. Cal. Dec. 1, 2017) (striking overbroad class allegations).

Plaintiffs also ignore that these issues are relevant to Rule 23 adequacy and typicality. *See* Mot. at 8-9, 11, 15. "Where some of the class members have not suffered any injury, yet the class representative has been injured, the typicality requirement of Rule 23(a) is not satisfied." *VagueBurton v. Nationstar Mortg., LLC*, 2014 WL 5035163, at *11 (E.D. Cal. Oct. 8, 2014); *see also In re Lithium Ion Batteries*, 2014 WL 4955377, at *17 (N.D. Cal. Oct. 2, 2014) ("[W]hether a plaintiff may represent a class of another state's residents…is amenable to analysis as a matter of *either* standing *or* class representation.") (emphasis in original).

Plaintiffs misleadingly cite *Olney v. Job.com, Inc.*, 2013 WL 5476813, at *4-5 (E.D. Cal. Sept. 30, 2013) (cited in Opp. at 15) for the proposition that the Court should not evaluate standing on a motion to strike. But this is disingenuous as *Olney* goes on to say the court *should* address "the elements of Article III standing" regardless of how the motion is styled "[b]ecause the Court has a *sua sponte* duty to evaluate Article III standing in every case." *Id.* at 4-5. And *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1174-1177 (S.D. Cal. 2012), does not support Plaintiffs' argument that the Court should ignore standing defects. Rather, the *Rosales* court specifically found that the plaintiff *did* have standing. *Id.*at 1174-77.

## IV. The Classes Should Be Limited to People Who Used the SDFC Website.

Plaintiffs claim they visited the website for one fertility clinic in San Diego belonging

to SDFC. Despite this, they, seek to represent a class of visitors to *other* websites belonging to *other* clinics (most of which are located in other states) based on conclusory allegations that Defendant Ivy operates all the websites. Compl. ¶ 6. Plaintiffs do not rebut or distinguish *any* of the cases Defendants cite showing that Plaintiffs' allegations as to non-SDFC clinics are vague and overbroad and that Plaintiffs lack standing to bring such claims. *See* Mot. at 5-8. Instead, they argue in a footnote that the court should ignore these authorities, even though they addressed these exact issues, because they were in different procedural postures. Opp. at 12 n.4. This is spurious. As explained above, *supra* at p. 1, cases interpreting Rule 23 and Rule 8 are directly relevant to Defendants' Motion.

Plaintiffs say that they have made a *prima facie case* regarding the non-SDFC clinics because the Complaint "alleges how the tracking technologies collect and disclose the Private Information of individuals on all of the Web Properties owned and operated by Defendant Ivy." Opp. at 11. But the Complaint does no such thing. As Plaintiffs concede, the Complaint makes undifferentiated allegations regarding the so-called "Web Properties" over and over without any particulars as to any website other than SDFC's. *See* Opp. at 10. Indeed, neither the Complaint nor Opposition alleges that these websites even used the same technologies.

Such non-specific allegations do not entitle Plaintiffs to maintain an action as to non-SDFC websites. Analogously, courts in this District have repeatedly held that employees asserting class actions against their employers may seek discovery as to the locations where they worked but cannot seek class discovery regarding persons who worked at other locations without providing "sufficient facts to support his claim of a company-wide policy and practice by Defendant." *Franco v. Bank of Am.*, 2009 WL 8729265, at *4 (S.D. Cal. Dec. 1, 2009) (Major, M.J.) (permitting putative class representative to take discovery as to "the branch offices where Plaintiff worked" but not for all "employees located throughout California"); *accord, e.g.*, *Coleman v. Jenny Craig, Inc.*, 2013 WL 2896884, at *8 (S.D. Cal. June 12, 2013); *Martinet v. Spherion Atl. Enters., LLC*, 2008 WL 2557490, at *1 (S.D. Cal. June 23, 2008). The issue here is the same: Plaintiff cannot use unrelated websites to manufacture a

nationwide class without specific allegations showing they operated in the same way.[3]

Finally, Plaintiffs are not typical of class members who used different websites for different clinics in different states. *Trazo v. Nestlé USA, Inc.*, 2013 WL 4083218 (N.D. Cal. Aug. 9, 2013) (cited in Mot. at 9), is directly on point. Plaintiffs attempt to distinguish *Trazo* by claiming the plaintiffs there "alleged nine different mislabeling theories for 13 or more products" whereas Plaintiffs here "have one theory of harm caused by the same tracking technologies." Opp. at 12. That is nonsense. The *Trazo* plaintiffs asserted the *same* theory as to all products (namely, that they were misleading in their use of the phrases like "all natural" and "no sugar added"). 2013 WL 4083218, at *1. The bottom line there, like here, is that plaintiffs who used one product (or website) cannot bootstrap claims about the defendant's other products (or websites) they did not actually use.

**V. The Class Definitions Should Be Limited to Facebook Users.**

This is a data privacy case. Therefore, all Plaintiffs must plead (and ultimately prove) that the data at issue was personally identifiable. Plaintiffs attempt to do this by claiming that they are longstanding users of Facebook and that the Meta Pixel linked tracking data to "Facebook IDs" that let Meta match the data to Facebook accounts. This theory of injury simply does not apply to putative class members who did not have Facebook accounts; such users' data would be linked to nothing more than a nameless IP address. *See* Mot. at 13-14.

In a footnote of their Complaint, Plaintiffs assert that tracking data was also shared with "Google or others" in addition to Meta. Opp. at 13-14 (citing Compl. at 8 n. 4). But the issue is not who *received* the data but who (per the Complaint) suffered harm. And neither the Complaint nor Plaintiffs' Opposition explains how the sharing of de-identified data with Google or anyone else besides Facebook could have harmed any member of the putative class. Even accepting all of Plaintiffs' allegations as true, the only users who could have been

[3] Plaintiffs attempt to sidestep the fact that the websites they incorporate into their Complaint look different from one another and are clearly designed differently. Mot. at 7. Although Plaintiffs call this "extrinsic" and "inapposite evidence." Opp. at 9, 10, the purpose of the incorporation-by-reference doctrine is to "prevent plaintiffs from surviving" early motion practice "by deliberately omitting … documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Plaintiffs cannot reference these websites and, simultaneously, urge the Court not to look at them.

harmed under Plaintiffs' theory are those whose data could be matched to real-world identities. And Plaintiffs only pled one such method: through Facebook IDs. *See* Mot. at 10-11. As the Ninth Circuit held in *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 596 (9th Cir. 2012), a class definition is overbroad if the theory of harm does not apply to its members. *Id.* at 596 (vacating class certification).[4] Moreover, even if non-Facebook users were harmed in some other way, Plaintiffs—who were allegedly harmed through the use of Facebook IDs—are not typical of them. Mot. at 11. Plaintiffs have no response.

## VI. Plaintiffs Cannot Maintain Nationwide Common-Law Claims.

Plaintiffs do not respond at all to Defendants arguments that: (1) their common law claims fail to identify the applicable law; (2) putative class members' claims will generally be governed by the law of their home state; and (3) the Named Plaintiffs lack standing to assert claims under non-California law—conceding that Defendants' position on each of these points is correct. Mot. at 12-14. They likewise ignore the numerous cases Defendants cite striking or dismissing similar class allegations—including in other Meta Pixel cases and this Court's prior ruling in *Mendez*. *Id.* (collecting cases). Instead, Plaintiffs try to skirt the issue by arguing these issues "are not properly decided on a Rule 12(f) motion." Opp. at 15. As explained above, this is not a Rule 12(f) motion,[5] *supra* at pp. 2-5, and even if it were Plaintiffs' argument that standing is irrelevant is flat out wrong. *See supra* at pp. 5-7.

Plaintiffs also take the bizarre position that "the common law allegations they seek to strike are decidedly not class allegations." Opp. at 14. ***Their own Complaint says otherwise.*** *See* Compl. pp. 92-98 (listing "on behalf of Plaintiffs & the nationwide class" beneath each common law claim). In addition, Plaintiffs ignore that a class action under the laws of all 50 states would be per se unmanageable and would involve predominating individual issues. *See*

---

[4] The sole case Plaintiffs cite does not support their position. *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609 (N.D. Cal. 2007) (cited in Opp. at 14), involved a fact-intensive challenge that the class was not ascertainable, not that the definition was overbroad.

[5] This alone makes *Khorrami v. Lexmark Int'l Inc.*, 2007 WL 8031909 (C.D. Cal. Sept. 13, 2007) and *Rios v. State Farm Fire & Cas. Co.*, 469 F. Supp. 2d 727 (S.D. Iowa 2007) (both cited in Opp. at 15-16) inapposite because they involved motions to strike under Rule 12(f). Moreover, both cases considered only whether nationwide class allegations "could have … possible bearing on the subject matter of the litigation" and expressly did *not* hold such a class would be manageable or certifiable. *See Khorrami*, 2007 WL 8031909, at *3.

Mot. at 15-17. They likewise ignore the stack of cases Defendants cite for this black letter proposition, including the Ninth Circuit's controlling precedent in *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 596 (9th Cir. 2012), and *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001). Plaintiffs' sole response is that "such classes are certified regularly," Opp. at 15, though Plaintiffs do not cite a ***single*** example.

Indeed, contrary to Plaintiffs' claim, courts consistently hold that such classes are impermissible and unworkable, even if the "basic elements" of those claims are "unlikely to differ much from state to state." *Augustine v. Talking Rain Bev. Co.*, 386 F. Supp. 3d 1317, 1333 (S.D. Cal. 2019); *accord Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 653 (C.D. Cal. 1996; *Picus*, 256 F.R.D. at 660. These concerns apply *a fortiori* here because the elements and available defenses for invasion of privacy, breach of contract, and unjust enrichment claims vary considerably from state to state. *See Fleites v. Mindgeek S.A.R.L.*, 2022 WL 1314035, at *6 (C.D. Cal. Feb. 10, 2022) (states' intrusion of privacy torts "vary significantly"); *Makaeff v. Trump Univ., LLC*, 2014 WL 688164, at *18 (S.D. Cal. Feb. 21, 2014) (denying motion to certify class due to variations in unjust enrichment and breach of contract law).

Plaintiffs' argument that a nationwide class action would be manageable because, they claim, "the identity of such membership is readily ascertainable," Opp. at 15, is a red herring. First, their assertion that membership is readily ascertainable does not make it so. And second, Defendants' Motion does not raise the issue of ascertainability—at all. Even if the class were ascertainable, the class would be unmanageable because the Court would need to apply the common law of all 50 states, compounded exponentially by choice-of-law issues. Mot. at 15-17. Moreover, the need to apply so many different laws (and determine the right choice of law for each putative class member) would raise predominating individualized questions. *See* Mot. at 17. This is yet another argument that Plaintiffs' Opposition ignores.

## <u>CONCLUSION</u>

For the many reasons set forth above and in Defendants' Motion, the Court should (1) limit both class definitions to persons who used the SDFC website *and* had Facebook accounts; and (2) strike Plaintiffs' common law claims for non-California residents.

Dated: July 30, 2024

*/s/ Benjamin M. Sadun*
Benjamin M. Sadun (SBN 287533)
**DECHERT LLP**
US Bank Tower
633 West 5th Street, Suite 4900
Los Angeles, CA
Telephone: (213) 808-5700
Facsimile: (213) 808-5760
benjamin.sadun@dechert.com

Brenda R. Sharton (*admitted pro hac vice*)
**DECHERT LLP**
One International Place, 40th Floor
100 Oliver Street
Boston, MA 02110-2600
Telephone: (617) 728-7100
Facsimile: (617) 275-8374
brenda.sharton@dechert.com

Theodore E. Yale (*admitted pro hac vice*)
**DECHERT LLP**
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
Facsimile: (215) 655-2455
theodore.yale@dechert.com

*Attorneys for Defendants*